THE STATE OF OHIO, APPELLEE, *v.* HARRIS, APPELLANT.

(No. C-820973—Decided October 26, 1983.)

Mr. *Arthur M. Ney, Jr.,* prosecuting attorney, and Mr. *Leonard Kirschner,* for appellee.

Mr. *John J. Kelley, Jr.,* for appellant.

KLUSMEIER, J. The defendant, Mark J. Harris, was arrested on June 17, 1982 and charged with interference with the custody of a minor in violation of R.C. 2919.23, a misdemeanor of the third degree. The occurrences leading to his ar-rest may be briefly summarized. On June 15, 1982, a fifteen-year-old girl, Kelly, was given permission by her father to visit a friend "over the weekend," a period of several days. That evening Kelly and her friend, Sonya, walked to a party in the neighborhood. The record does not indicate whether or not the two girls had been invited to the party which was at-tended by persons of both sexes. At some time during the party the defendant ar-rived. This was the second time Kelly had seen him; she had seen him earlier that afternoon. Subsequently, by mutual con-sent, but at the initiation of the defen-dant, he and Kelly left the party and went to the home of a friend of the defendant, also a male. The defendant and Kelly re-mained at this place all night and for a portion of the next day until the defen-dant drove Kelly back to Sonya's home on June 16, 1982.

The defendant was tried without the intervention of a jury, was found guilty and sentenced as appears of record. In his appeal, the defendant assigns three er-rors in the trial which, he contends, re-quire the reversal of his conviction. We find that none of the assigned errors has merit.

The first assignment of error, ap-parently of first impression in Ohio, asserts that R.C. 2919.23, which is the basis of the charge against the defendant, is unconstitutionally vague and is therefore in violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution. The Supreme Court of Ohio has noted that the proper standard for determining if a statute is unconstitutionally vague is found in *Connally* v. *General Construc-tion Co.* (1926), 269 U.S. 385. See *State* v. *Phipps* (1979), 58 Ohio St. 2d 271, 273 [12 O.O.3d 273]. A vague statute is defined in *Connally* as one "which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." *Connally,*

*supra,* at 391. More recently, in *Papachristou* v. *Jacksonville* (1972), 405 U.S. 156, the Supreme Court held the Jacksonville vagrancy ordinance to be unconstitutionally vague in that it failed to give a person of ordinary intelligence fair notice that his contemplated action was prohibited, and also in that the ordinance encouraged arbitrary and erratic arrests and convictions. The same requirement that criminal enactments include ascertainable standards of guilt is reiterated in *Columbus* v. *New* (1982), 1 Ohio St. 3d 221, and *State* v. *Young* (1980), 62 Ohio St. 2d 370 [16 O.O.3d 416].

The statute in question, R.C. 2919.23, provides, as it is pertinent to the instant appeal, that:

"(A) No person, knowing he is without privilege to do so or being reckless in that regard, shall entice, take, keep, or harbor any of the following persons from his parent, guardian, or custodian:

"(1) A child under the age of eighteen * * *."

The specific area of the defendant's claim of vagueness is the use of the allegedly imprecise terms "entice, take, keep or harbor [a person] from his parent," "reckless," and "privilege." The contention of defendant is that the statute is facially infirm rather than unconstitutional in its application to him. It is our conclusion that the terms so specified do not demonstrate the legislative imprecision of which defendant complains.

We start with a presumption of constitutionality of the legislative acts of the General Assembly. See *Benevolent Assn.* v. *Parma* (1980), 61 Ohio St. 2d 375 [15 O.O.3d 450]. Also, courts must apply all presumptions and rules of construction so as to uphold, if at all possible, the constitutionality of a statute. *State* v. *Sinito* (1975), 43 Ohio St. 2d 98 [72 O.O.2d 54]. If the general class of offenses to which the statute is directed is plainly within its terms, the statute will not be held unconstitutionally vague even though marginal cases could be put where doubts might arise. *United States* v. *Harriss* (1954), 347 U.S. 612. A criminal statute is constitutionally definite if it is phrased in terms of "readily ascertainable standards of guilt, so that men of common intelligence will not have to guess at its meaning." *Cincinnati* v. *Hoffman* (1972), 31 Ohio St. 2d 163, 165 [60 O.O.2d 117] (citing *Connally* v. *General Construction Co., supra*). Finally, in *Hoffman,* at page 168, the Supreme Court quoted with approval the following pertinent comments by the United States Supreme Court:

"'* * * The root of the vagueness doctrine is a rough idea of fairness. It is not a principle designed to convert into a constitutional dilemma the practical difficulties in drawing criminal statutes both general enough to take into account a variety of human conduct and sufficiently specific to provide fair warning that certain kinds of conduct are prohibited.'" See, also, *Colton* v. *Kentucky* (1972), 407 U.S. 104, 110.

The allegedly imprecise terms of "entice, take, keep, or harbor," "reckless," and "privilege" are to be found in the everyday working vocabulary of persons of common intelligence. In addition, "reckless" and "privilege" are specifically defined in R.C. 2901.22(C) and 2901.01(L), respectively. The injection of scienter in the statute provides a precise and comprehensible standard which governs the reading of the section of the Revised Code dealing with interference with custody. See *Cincinnati* v. *Hoffman, supra.* As the statute in question is written, we find that it provides an ascertainable standard of guilt and gives notice as to precisely what conduct is criminally proscribed. *Columbus* v. *New, supra.* We hold R.C. 2919.23 to be facially constitutional. The first assignment of error is overruled.

The defendant advances the overruling of his motion for acquittal pursuant to Crim. R. 29 as his second assignment of error. The motion was timely made at the

conclusion of the state's case in chief and overruled. The defense called one witness whose direct testimony was stricken, without defense objection, after he interposed his Fifth Amendment right and refused to answer questions on cross-examination. Although not required since this was a non-jury trial, the Crim. R. 29 motion for acquittal was renewed and again overruled. See *Dayton* v. *Rogers* (1979), 60 Ohio St. 2d 162 [14 O.O.3d 403]. The evidence presented to the court for consideration on the Crim. R. 29 motion therefore consisted of the three witnesses called by the state, namely; the father of Kelly, Kelly, and her friend Sonya. A review of the record discloses the applicability of the rule stated in the syllabus of *State* v. *Bridgeman* (1978), 55 Ohio St. 2d 261 [9 O.O.3d 401], *i.e.*, a court shall not order an entry of a judgment of acquittal, pursuant to Crim. R. 29(A), if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt. We find the second assignment of error to be without merit.

The defendant presents his third and final assignment of error as follows:

"The county prosecutor erred to the prejudice of the defendant-appellant when he failed to keep and specifically perform the terms of a negotiated and recorded plea commitment with the defendant-appellant under the Due Process Provisions of the XIV Amendment to the United States Constitution."

The record does not manifest this error. Throughout the fifty-seven pages of the transcript of the proceedings on November 10, 1982, there is not a mention of any plea negotiation or plea bargain. The proceedings were continued on that date to November 19, 1982, so as to afford an opportunity for the prosecution to respond to the constitutional challenge of R.C. 2919.23 which was first raised by defendant on November 10 when the case was called for trial. The matter was resumed on November 19 with the state giving an oral argument in support of the constitutionality of the Revised Code section involved. The first mention of any alleged plea bargain is found in the remarks of defense counsel starting on page 9 of the transcript of the November 19 hearing. The prosecutor's response on the issue of the alleged plea bargain indicates at best a plea negotiation which, if it ripened into a bargain, was not performed by either party. Accepting, for the purpose of this decision but without so finding, that the understanding of the defense was correct and that, under the terms of the plea bargain, the matter on appeal herein was to have been dismissed at the request of the prosecution in return for the defendant pleading guilty to a reckless driving charge in response to a charge of driving under the influence of alcohol, the fact is that the defendant entered upon trial of the interference with custody charge and participated therein during the presentation of all the evidence without objection and without bringing to the attention of the trial court the alleged existence of an agreement to dismiss the charge. If there is any due process issue present under the circumstances noted above, error based thereon was not preserved by timely objection. *State* v. *Williams* (1977), 51 Ohio St. 2d 112 [5 O.O.3d 98], vacated in part and remanded on other grounds (1978), 438 U.S. 911. The third assignment of error is without merit.

The judgment is affirmed.

*Judgment affirmed.*

KEEFE, P.J., and BLACK, J., concur.