ROBINSON, Appellant,

v.

CALIG & HANDLEMAN et al., Appellees.

[Cite as *Robinson v. Calig & Handleman* (1997), 119 Ohio App.3d 141.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 96APE08–1087.

Decided April 15, 1997.

*Kevin J. Reis*, for appellant.

*John C. Nemeth & Associates*, *John C. Nemeth* and *David A. Caborn*, for appellees.

PEGGY BRYANT, Judge.

Plaintiff-appellant, John R. Robinson, appeals from a judgment of the Franklin County Court of Common Pleas granting the summary judgment motion of defendants-appellees, Calig & Handleman and Leann R. Deeter, in plaintiff's legal malpractice action against them.

Following the trial court's decision here, the Supreme Court decided *Vahila v. Hall* (1997), 77 Ohio St.3d 421, 674 N.E.2d 1164. Because *Vahila* modifies the standard for assessing the viability of a legal malpractice claim and the evidence submitted in support of it, we reverse the judgment of the trial court so it may reconsider defendant's motion under the standard set forth in *Vahila*.

On April 21, 1996, plaintiff filed an action against defendants contending that Deeter, as an employee, associate or agent of Calig & Handleman, negligently represented him in divorce proceedings, resulting in his agreeing to a settlement and obtaining a monetary award in an amount less than he would have received had defendants properly represented him.

Defendants filed an answer to the complaint, and following discovery, filed a motion for summary judgment. Following briefing, the trial court issued a decision noting that a legal malpractice action contains the following essential elements: (1) an attorney-client relationship, (2) a professional duty arising from that relationship, (3) a breach of that duty, (4) proximate cause, and (5) damages.

Applying that test, the trial court found first that "it is undisputed that the plaintiff and defendant had an attorney-client relationship, and therefore the plaintiff has satisfied the first element. It is also undisputed that the defendant owed the plaintiff a professional duty arising from the attorney-client relationship, thereby satisfying the second element." Further, the trial court found a genuine issue of material fact under the third element, whether defendants breached their duty to plaintiff. On the fourth element, proximate cause, the trial court concluded that plaintiff had not come forward with evidence to establish a genuine issue of material fact. Accordingly, the trial court granted defendants' summary judgment motion and entered judgment accordingly. Plaintiff appeals, assigning the following errors:

"I. The trial court erred in sustaining defendants' motion for summary judgment.

"II. The trial court erred in finding that there is no genuine issue of fact as to plaintiff's claim for damages and/or proximate cause.

"III. The trial court erred in striking paragraphs 3 & 4 of plaintiff's expert's affidavit and/or finding that an attorney–expert's opinion of damages in a divorce case is speculative.

"IV. The trial court erred in holding that successful prosecution of the rule 60(b) motion to vacate, is a condition precedent to the legal malpractice complaint against former counsel."

In his brief, plaintiff addresses all assignments of error jointly; we do likewise. Generally, they assert the trial court erred in granting defendants summary judgment by requiring plaintiff to prove, in effect, the success he would have achieved had defendants taken his divorce case through a trial.

Subsequent to the trial court's judgment in this case, the Supreme Court issued its decision in *Vahila v. Hall, supra.* In discussing the element of proximate cause in a legal malpractice case, the Supreme Court stated, "we reject any finding that the element of causation in the context of a legal malpractice action can be replaced or supplemented with the rule of thumb requiring that a plaintiff, in order establish damage or loss, prove in every instance that he or she would have been successful in the underlying matter(s) giving rise to the complaint." *Id.*, 77 Ohio St.3d at 426, 674 N.E.2d at 1168–1169. As the Supreme Court explained, a standard that requires a plaintiff to prove to a virtual certainty that, but for the defendant's negligence, the plaintiff would have prevailed in the underlying action immunizes most negligent attorneys from liability. As a result, the Supreme Court rejected the notion that a plaintiff in a legal malpractice action must prove that they would have been successful in the underlying matters giving rise to their malpractice action. Although the court noted that a plaintiff

in a legal malpractice action may be required, depending on the situation, to prove some evidence of the merits of the underlying claim, it refused to "endorse a blanket proposition that requires a plaintiff to prove, in every instance, that he or she would have been successful in the underlying matter. Such a requirement would be unjust, making any recovery virtually impossible for those who truly have a meritorious legal malpractice claim." *Id.* at 428, 674 N.E.2d at 1170.

Here, the trial court appears to have applied the "but for" test rejected in *Vahila:*

"In the present case, the plaintiff has not come forward with evidence to establish a genuine issue of material fact that the alleged negligence of the defendants was the proximate cause of his damages. *The plaintiff has not shown that but for the negligence of the defendants, he would have prevailed at trial and received a larger share of the marital property in his divorce case.* The plaintiff's domestic relations case is now closed and the divorce decree is final, since the plaintiff elected not to appeal the court's denial of his Rule 60(B) motion. Mr. Kaufman's statement that the plaintiff would have received more of the marital property is dependent upon many factors, none of which can be determined at this point in time. First, the plaintiff cannot show that his ex-wife would have agreed to a different settlement of the marital property. In addition, the plaintiff cannot show that Judge Solove would have awarded him more of the marital assets had the case been heard on its merits. At this point, the plaintiff can only speculate what the outcome would have been absent the defendants' alleged negligence. This does not raise a genuine issue of material fact as to whether the defendants' negligence was the proximate cause of the plaintiff's damages." (Emphasis added.)

■ Similarly, in striking paragraphs three and four of plaintiff's expert's supplemental affidavit relating to proximate cause, the trial court explained:

"Therefore, any opinion testimony by the affiant is based solely upon his speculation as to what he believed the trial court would have done had the case been determined on its merits. An expert witness may not base his opinion upon assumed facts. * * * Therefore, since the affiant's testimony with respect to what the plaintiff 'would and should have' received had the underlying case not settled, is not based upon facts or data perceived by the affiant or admitted into evidence, paragraphs 3 and 4 of the supplemental affidavit shall be stricken."

Moreover, to the extent that the foregoing suggests that an attorney may not render an expert opinion on the proximate cause issue, we disagree. With appropriate foundation, an expert may opine concerning the proximate cause aspect of a legal malpractice case. See, generally, *Anthony v. Clark* (Sept. 29,

1992), Franklin App. No. 92AP–596, unreported, 1992 WL 249821; *Harrell v. Crystal* (1992), 81 Ohio App.3d 515, 611 N.E.2d 908.

 Unquestionably, the trial court did not have the benefit of *Vahila* in deciding defendants' motion. Because the Supreme Court's opinion in *Vahila* rejects the "but for" test which the trial court applied, we sustain plaintiff's assignments of error to the extent that the matter must be reexamined in light of the Supreme Court's recent pronouncement in *Vahila*. This matter is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment reversed*
*and case remanded.*

BOWMAN and DESHLER, JJ., concur.