JOURNAL ENTRY AND OPINION
These consolidated appeals arise from a dispute by a former client against his attorney. The attorney appeals from a judgment of the municipal court on a jury verdict in favor of the former client. The former client appeals from the denial of his motion for prejudgment interest. For simplicity, the parties shall be referred to by their proper names.
The former client, Kenneth Gibson, Jr., commenced this action by filing pro se a complaint alleging breach of contract and legal malpractice against James Westfall, his former attorney. Westfall represented Gibson in a prior domestic relations action. Gibson alleged, inter alia, that Westfall breached a contract by charging excessive fees, and committed malpractice in connection with the property division and by failing to obtain visitation for one of his children.
Westfall filed an answer denying the allegations and filed counterclaims for breach of contract, "services rendered," quantum meruit, and "frivolous litigation." Westfall sought recovery of $900 in unpaid attorney fees, together with compensatory and punitive damages incurred in defending the action.
Westfall filed a motion to dismiss and/or for summary judgment on Gibson's malpractice claim. Westfall's two-page motion was supported by materials outside the pleadings, including documents from the divorce litigation and excerpts from Gibson's deposition testimony. The motion argued that Gibson could not prove proximate cause or damages necessary to recover on the malpractice claim because Gibson entered a settlement agreement in the divorce case in which the malpractice allegedly occurred.
The trial court orally granted Westfall's motion at a pretrial proceeding. However, prior to the municipal court's entry of an order journalizing its disposition of the motion, Gibson filed a motion for reconsideration. In the motion Gibson argued the trial court had authority to reconsider its ruling disposing of his malpractice claim because his contract claim remained pending and the dismissal of his malpractice claim was not a final appealable order pursuant to Civ.R. 54 (B). Gibson's motion for reconsideration cited more recent caselaw which recognized that claims of legal malpractice were not barred by settlement of the action in which the alleged malpractice arose.
The trial court granted the motion for reconsideration and the matter proceeded to trial. The jury returned a verdict for Gibson in the amount of $10,000 on his malpractice claim and denied recovery on all other claims. Without providing a transcript of the trial, Westfall appeals in Case No. 74628 from the judgment against him and the denial of his post-judgment motions. Gibson appeals in Case No. 74977 from the trial court's denial of his subsequent motion for prejudgment interest. We have jurisdiction in these appeals.[1]
Westfall's first and second assignments of error in Case No. 74628 raise related procedural and substantive challenges to the trial court's handling of Gibson's malpractice claims, as follows:
 I. THE TRIAL COURT ERRED IN GRANTING PLAINTIFF/APPELLEE'S MOTION FOR RECONSIDERATION AND IN REINSTATING THE CAUSE OF ACTION FOR LEGAL MALPRACTICE BROUGHT AGAINST DEFENDANT/APPELLANT.
 II. THE TRIAL COURT ERRED IN ALLOWING THE UNDERLYING SUIT TO HAVE BEEN BROUGHT (AND TO PROCEED) GIVEN THE UNDERLYING SETTLEMENT, AND THIS COURT'S DECISION IN MONASTRA V. D'AMORE AND THE OHIO SUPREME COURT'S DECISION IN VAHILA V. HALL.
These assignments lack merit.
Westfall argues the trial court improperly reconsidered its initial ruling dismissing Gibson's claim for legal malpractice. He also contends that by doing so the trial court improperly denied his motion for summary judgment. He argues that settlement of litigation in which a claim of malpractice arises, together with a statement by the client approving the settlement, precludes recovery on a legal malpractice claim as a matter of law.
It is well established that a trial court has authority to reconsider interlocutory orders at any time prior to the final judgment entered in a case. E.g., In re Guardianship of Maurer
(1995), 108 Ohio App.3d 354, 358-359. The trial court's order dismissing the malpractice claim was such an interlocutory order subject to reconsideration in the case at bar because Gibson's contract claim remained pending. Civ.R. 54 (B).
Westfall's argument concerning the merits of the trial court's reconsideration order is no more persuasive. He contends that he was entitled to dismissal of the malpractice claim against him as a matter of law. After reviewing the record, we conclude that Westfall failed to show any error.
Westfall's argument that he was entitled to a dismissal of the malpractice claim confuses the standards for dismissal and summary judgment. The determination whether to dismiss a claim is made from the face of the complaint, whereas a motion for summary judgment considers the evidence supporting the claims. E.g.,Petrey v. Simon (1983), 4 Ohio St.3d 154, 155-156. Westfall's motion to dismiss and/or for summary judgment required the trial court to consider matters outside the complaint.
"`In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted (Civ.R. 12 [B] [6]), it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery. (Conley v. Gibson [1957], 355 U.S. 41, followed.)'" Id. at 156, quoting O'Brien v. University Community Tenants Union (1975),42 Ohio St.2d 242 [71 O.O.2d 223]. An examination of Gibson's complaint, without consideration of any other materials, reveals that it adequately stated a claim for malpractice. As a result, Westfall was not entitled to dismissal of this claim.
Although Westfall's brief on appeal does not mention the term "summary judgment," as opposed to dismissal, we also find that he was not entitled to summary judgment. First, Westfall failed to satisfy his burden of showing that he was entitled to summary judgment as a matter of law. In Vahila v. Hall (1997), 77 Ohio St.3d 421, the Supreme Court summarized the standard required for properly supporting a motion for summary judgment as follows:
 "[A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56 (C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the nonmoving party fails to satisfy its initial burden, the motion for summary judgment must be denied. * * *"
Id. at 429, quoting Dresher v. Burt (1996), 75 Ohio St.3d 280, 274 (emphasis in original).
As in Vahila, the record in this case shows that Westfall failed to adequately support his motion for summary judgment. Instead, he argued that plaintiff settled his divorce case and, therefore, could not establish that he would have been successful without the alleged malpractice. The Supreme Court in Vahila, however, specifically held that a client pursuing a claim of legal malpractice does not have the burden of showing he would have succeeded in the action giving rise to the malpractice claim. Id. at 428-430. Thus, because Westfall did not properly support his motion for summary judgment, Gibson had no burden to respond by submitting evidentiary material showing a genuine issue for trial.
Even if Westfall had satisfied his initial burden of moving for summary judgment, however, the record shows that Gibson submitted sufficient evidence, when viewed in the light most favorable to him, to demonstrate the existence of genuine issues of material fact concerning proximate cause and damages. For example, Gibson submitted an affidavit of an attorney testifying that Westfall's representation of Gibson fell below the required standard of professional care in certain specified ways. Gibson's motion for reconsideration, moreover, specified that Gibson incurred costs to terminate a prior duplicative support order in a different case and to establish visitation rights with one of his daughters, because Westfall failed to address these matters in the divorce case.
The Ohio Supreme Court in Vahila specifically recognized that this type of evidence concerning "the expenses involved in rectifying [the attorney's] failure" sufficiently raised a genuine issue that the damages were proximately caused by the attorney's negligence to warrant a trial. Id. at 425-426. TheVahila court reached this conclusion even though the client agreed to settle the litigation in which the alleged malpractice occurred, as in the case at bar.
We note that this court reached precisely the same result before Vahila in the context of a domestic relations settlement in Monastra v. D'Amore (1996), 111 Ohio App.3d 296. In D'Amore, this court, specifically rejecting the argument raised by Westfall in the case at bar, stated:
 We find no merit to [the attorney's] claim that [the client's] divorce settlement with her husband waived her legal malpractice claim against him.
Id. at 302. Other courts following Vahila have reached the same result in domestic relations cases involving settlement agreements. E.g., Robinson v. Calig Handleman (1997),119 Ohio App.3d 141. Under the circumstances, Westfall has not shown that the trial court committed any error by denying his motion to dismiss or alternative motion for summary judgment on Gibson's malpractice claim.
Finally, we also note that even if summary judgment should have been granted, as he contends, Westfall failed to show any prejudice in the case at bar. Because a litigant has still had his day in court, the Ohio Supreme Court has held that the principle of harmless error applies to the improper denial of a motion for summary judgment. Continental Ins. Co. v. Whittington
(1994), 71 Ohio St.3d 150, 156-158.
Whittington further held that any error by a trial court in denying a motion for summary judgment would be rendered moot or harmless when evidence at the subsequent trial demonstrates there were genuine issues of fact. We are unable to find any prejudice in the case at bar because Westfall has not submitted any transcript of the proceedings to show that Gibson failed to present sufficient evidence to warrant the trial.
Accordingly, Westfall's first and second assignments of error in Case No. 74628 are overruled.
Westfall's third assignment of error in Case No. 74628 challenges the denial of his post-trial motions, as follows:
 THE TRIAL COURT ERRED IN FAILING TO GRANT DEFENDANT/APPELLANT'S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT AND ALTERNATIVE MOTION FOR NEW TRIAL BECAUSE THE PLAINTIFF/APPELLEE PRESENTED NO SUBSTANTIAL EVIDENCE THAT THE APPELLANT COMMITTED LEGAL MALPRACTICE, NOR DID THE PLAINTIFF/APPELLEE PRESENT ANY EVIDENCE THAT SUBSTANTIATED DAMAGES.
This assignment lacks merit.
Westfall contends that Gibson did not present sufficient evidence at trial to support a verdict in his favor. He also argues that the trial court should have granted a new trial because the damage award was excessive, the jury verdict was against the manifest weight of the evidence, and the trial court's judgment was contrary to law.
As noted above, Westfall has failed to submit a transcript or other adequate record on the proceedings to permit a review of the trial. In Hartt v. Munobe (1993), 67 Ohio St.3d 3, the Supreme Court of Ohio explained the necessity of a transcript to exemplify error on appeal:
 An appellate court reviewing a lower court's judgment indulges a presumption of regularity of the proceedings below. See Rheinstrom v. Steiner (1904), 69 Ohio St. 452, 69 N.E. 745. A party asserting error in the trial court bears the burden to demonstrate error by reference to matters made part of the record in the court of appeals. Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197, 15 O.O.3d 218, 400 N.E.2d 384; App. R. 9 (B). When the alleged error is that the trial court judgment was against the weight of the evidence or unsupported by the evidence, the appellant must include in the record all portions of the transcript relevant to the contested issues. App. R. 9 (B); Ostrander v. Parker-Fallis Insulation Co. (1972), 29 Ohio St.2d 72, 58 O.O.2d 117, 278 N.E.2d 363.
Id. at 7.
Because Westfall did not file on appeal any portion of the transcript of proceedings during the multi-day trial, we are unable to find any error. Specifically, it is impossible to find on this record that Gibson failed to produce sufficient evidence to support his claims or that the trial court erred by denying Westfall's motion for judgment notwithstanding the verdict. Moreover, we cannot find any error or abuse of discretion by the trial court in denying his alternative motion for new trial. Because we have no transcript, we cannot find that the jury damage award was excessive or that the jury verdict was against the manifest weight of the evidence.
Westfall refers to a page from the transcript of pretrial proceedings and three pages from Gibson's deposition testimony. He argues that Gibson said the settlement was "fine" at the pretrial and did not produce evidence of damages during the deposition. First, we have no way of knowing whether any of this information was presented during trial. Conway v. Ford Motor Co.
(1976), 48 Ohio App.2d 233. Even when a party reads a deposition verbatim at trial, the court reporter must certify the deposition as a partial verbatim transcript of trial. Absent such a certification or other adequate record of trial, a reviewing court cannot consider such materials. Id. Finally, even if any of this information was presented at trial, Gibson previously explained his comments and presumably did so at trial.
We reject Westfall's remaining generalized claim that the judgment was "contrary to law," because he points to no such error. App. R. 16 (A) (7); App. R. 12 (A) (2). To the extent that this claim is based on the argument that we already rejected under his first and second assignments of error, we reject it for the same reasons under this assignment. He has failed, moreover, to show any other such "error of law."
Accordingly, Westfall's third assignment of error in Case No. 74628 is overruled.
Gibson's sole assignment of error in Case No. 74977 challenges the denial of his motion for prejudgment interest as follows:
 THE TRIAL COURT ERRED IN DENYING PLAINTIFF-APPELLEE'S MOTION FOR PRE-JUDGMENT INTEREST.
This assignment lacks merit.
Gibson argues the trial court improperly denied his motion for prejudgment interest. He argues the record shows that Westfall failed to properly respond to his discovery requests, delayed the proceedings by requesting too many continuances, and failed to make a good faith effort to settle the case.
The record shows that Gibson's motion for prejudgment interest was not timely filed in the case at bar. The judgment in his favor on the jury verdict was journalized on May 6, 1998. He filed his motion for prejudgment interest under R.C. 1343.03 (C) twenty-two days thereafter, on May 28, 1998.
The Ohio Supreme Court, specifically establishing a fourteen-day deadline for filing such motions, stated as follows:
 An R.C. 1343.03 (C) motion for prejudgment interest must be made to the trial court following the verdict or decision in the case and in no event later than fourteen days beyond the entry of judgment.
Cotterman v. Cleveland Electric Illuminating Co. (1987), 34 Ohio St.3d 48, syllabus paragraph one. Because Gibson's motion was not timely filed, the trial court did not err by denying it.
According, Gibson's sole assignment of error in Case No. 74977 is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TERRENCE O'DONNELL, P.J., and KENNETH A. ROCCO, J., CONCUR.(SEE CONCURRING OPINION, O'DONNELL, P.J.)
 __________________________________ DIANE KARPISKI JUDGE
[1] Any pending motions not expressly ruled upon, such as the motion for sanctions filed by plaintiff against defendants for attorney fee sanctions, are presumed to be denied. E.g., Solon v.Solon Baptist Temple (1982), 8 Ohio App.3d 347, 351-352.