DECISION
The plaintiff-appellant, Paul J. Pschesang, appeals from the order of the trial court granting summary judgment to Claudia Schaefer and the law firm of Frost Jacobs on his claims for legal malpractice Pschesang alleged that Schaefer, an attorney at Frost Jacobs, was professionally negligent, breached their contract of representation, and violated a fiduciary duty arising from their lawyer-client relationship while representing him in a dissolution proceeding. To remedy the effect of the alleged malpractice, Pschesang employed the services of another lawyer before reaching a settlement with his ex-wife. In his two assignments of error, he now argues that the trial court erred by granting summary judgment to Schaefer and Frost Jacobs. We agree and thus reverse.
Schaefer's alleged malpractice stemmed from a discrepancy that arose between language in the separation agreement and an attached survey of the property identified in the agreement. The separation agreement, prepared prior to the completion of the survey, provided that sixty-three acres of land and a seven-acre pond would be awarded to Pschesang's wife. However, the survey described the parcel of land as comprising 92.772 acres, in other words 22.772 acres more than that expressly awarded in the separation agreement. Although Pschesang signed the separation agreement, he claimed that he failed to notice the discrepancy, and that Schaefer, if she noticed it, failed to draw it to his attention. A decree of dissolution that incorporated the fully executed separation agreement, including the survey, was entered on August 2, 1996.
On August 7, 1996, Pschesang executed a quit-claim deed to his ex-wife with the survey attached. Schaefer sent a copy of the decree of dissolution with the incorporated separation agreement and attached survey to Pschesang on August 8, 1996. Sometime in the next month, Pschesang became aware of the discrepancy between the 70 acres expressly granted by the separation agreement and the 92.772 acres described in the survey. In his view, the additional 22.772 acres that his ex-wife received should have been offset elsewhere in the division of the marital property. According to Pschesang, he called Schaefer to attempt to get her to engage in negotiations with his ex-wife to remedy the discrepancy, but was told by Schaefer that the domestic relations court would not provide relief and that she would not file any post-judgment motion on his behalf. At that point, Pschesang felt forced to hire a second attorney, who did file a Civ.R. 60(B)(1)(5) motion for relief from judgment. While the motion was pending, a settlement was reached between Pschesang and his ex-wife, the terms of which called for Pschesang to retain some shares of stock previously awarded to his ex-wife, and for Pschesang to then convey some of the shares, or a cash equivalent, to his three sons. Pschesang incurred fees of $1,800 from the second attorney in filing the motion and effectuating the settlement.
Schaefer and Frost Jacobs moved for summary judgment on three express grounds:
 (1) the difference between [Pschesang's] estimate of the acreage and the actual survey acreage was not material to the separation agreement which was agreed to before the survey was received; (2) the mistake regarding the amount of acreage to be transferred to the wife was [Pschesang's] own and not counsel's; and (3) [Pschesang's] post-decree settlement of the dispute over the acreage with his ex-wife extinguished any claim for legal malpractice.
The order granting the motion does not specify which of these grounds the trial court found persuasive.
In his first assignment of error, Pschesang asserts that the trial court erred as a matter of law in granting Schaefer and Frost Jacobs summary judgment. We agree.
Our review of the grant of summary judgment is de novo. We must, therefore, consider each of the grounds for the motion. The first ground was that the precise acreage of the land granted to the ex-wife was never intended to be material since the parties intended to give Pschesang's ex-wife that portion of a 460-acre farm that was located "on the other side of the road" (Route 68 in Brown County), regardless of the actual acreage. Concededly, there is evidence to support the position that the parties' desire to divide the property in this geographical manner was not conditioned upon the actual acreage. It does not necessarily follow, however, that because the precise acreage was not crucial to the desired geographical division of the farm, it was also irrelevant to the overall division of the marital property. Obviously, when he ultimately discovered the discrepancy, Pschesang felt that the value of the additional 22.772 acres was significant enough to require an offset elsewhere.
Similarly, we find inapposite the argument that Pschesang was the one who committed the mistake by originally underestimating the acreage, and then failing to note the discrepancy when the survey was produced and the two documents were attached for him to sign. This argument sidesteps the real issue, which is not Pschesang's failure to protect himself, but Schaefer's duty to protect her client. Ultimately Schaefer had in her possession a separation agreement that listed the acreage at one figure and a survey that listed it at a substantially greater one. The question is whether Schaefer failed to exercise reasonable professional care on behalf of Pschesang by not detecting the discrepancy and drawing it to his attention in order for Pschesang to determine its effect on the other terms of the separation agreement.
Finally, based upon the Ohio Supreme Court's decision in Vahilav. Hall (1997), 77 Ohio St.3d 421, 674 N.E.2d 1164, we hold that Pschesang's ultimate settlement of the underlying dispute with his ex-wife did not, as a matter of law, extinguish his claim of attorney malpractice. In Vahila, the Ohio Supreme Court eschewed a rule of thumb in legal malpractice actions "requiring that a plaintiff, in order to establish damage or loss, prove in every instance that he or she would have been successful in the underlying action giving rise to the complaint." Id. at 426, 674 N.E.2d 1168. Thus, it was not necessary for Pschesang to demonstrate that his second attorney's Civ.R. 60(B) motion would have been granted, and the original separation agreement voided or modified, in order for him to succeed on his claim of attorney malpractice. Rather, it was only necessary for him to demonstrate that he had suffered a calculable measure of damage or loss as a result of Schaeffer's breach of a duty or obligation imposed by law. Id. at 427, 674 N.E.2d at 1169. That damage or loss may include the expense of rectifying an attorney's failure, even when that rectification is ultimately achieved through a settlement.Id. at 425-426, 674 N.E.2d at 1168; see, also, Gibson v. Westfall
(Oct. 7, 1999), Cuyahoga App. No. 96 CVF 15388, unreported.
Pschesang argues that he has submitted sufficient evidence to satisfy the elements of causation and loss based upon the additional attorney fees he incurred in an attempt to undo or modify the original separation agreement. We agree. AccordGibson, supra; Robinson v. Calig Handleman (1997), 119 Ohio App.3d 141,694 N.E.2d 557; Monastra v. D'Amore (1996), 11 Ohio App.3d 296, [111 Ohio App.3d 296], 676 N.E.2d 1164 [676 N.E.2d 132].
In his second assignment of error, Pschesang argues that the trial court abused its discretion in granting the motion for summary judgment. Not only is this assignment moot due to our resolution of the first assignment of error, but it employs the wrong standard of review, since the trial court's decision to grant a motion for summary judgment is reviewed as a question of law.
Because Pschesang's first assignment of error is well taken, we reverse the order of the trial court granting summary judgment and remand this case for further proceedings consistent with this decision.
 ______________________ Per Curiam.
 DOAN, P.J., GORMAN and SUNDERMANN, JJ.