**Don MONTGOMERY, Plaintiff,**

v.

**GOODING, HUFFMAN, KELLY & BECKER, Defendant.**

**No. 3:99CV7765.**

United States District Court, N.D. Ohio, Western Division.

Aug. 13, 2001.

Richard M Kerger, William M. Connelly, Jr., Kerger & Kerger, Toledo, OH, for Don Montgomery.

J. Kenneth Thien, Joseph W. Ryan, Jr., Porter, Wright, Morris & Arthur, Columbus, OH, for Gooding, Huffman, Kelly & Becker.

## ORDER

CARR, District Judge.

This is a legal malpractice action in which plaintiff Don Montgomery alleges that the defendant law firm Gooding, Huffman, Kelly & Becker negligently handled the drafting of a real estate contract and the ensuing litigation. Jurisdiction arises pursuant to 28 U.S.C. § 1332. Pending is defendant's motion for summary judgment. (Doc. 13). For the following reasons, defendant's motion is granted in part and denied in part.

## BACKGROUND

This dispute arises out of the January, 1995, sale of a sixty-one acre tract of land in Shawnee Township, Allen County, Ohio, that plaintiff had owned for several decades. For at least six years before this dispute began, starting no later than June, 1989, plaintiff had been attempting without success to sell this property.

In late 1995, plaintiff retained Stephen Becker, an attorney with the defendant law firm, to assist in the potential sale of the property to a group of first-time real estate developers known as Breezewood Limited Partnership ("Breezewood").

Although plaintiff valued his land at $600,000, he had previously been unable to sell it for that price. Like other potential buyers before them, the Breezewood developers were also either unwilling or unable to pay such an amount. In late 1994, however, plaintiff and Breezewood's General Partner, Tom Romano, met and reached a structured agreement for sale of the property.

Under the terms of the purchase agreement, Breezewood would pay plaintiff $305,000. The first $160,000 of this $305,000 was to be paid at closing, with the remaining $145,000 to be paid over time as a second mortgage. Plaintiff and Romano further agreed that Breezewood would pay plaintiff a so-called "equity kicker", or thirty percent of the gross sales of any lots that Breezewood managed to sell. It is the drafting of this "equity kicker" that gives rise to this lawsuit.

Plaintiff made no inquiries into either the competence of the Breezewood developers or their plans for making the development successful. Plaintiff also knew nothing about what type of homes the subdivision would be planned for, how Breezewood would market the subdivision, or how much Breezewood had budgeted for advertising and marketing.

In the fall of 1994, Romano informed plaintiff that there was a ten year supply of residential lots in the Shawnee area. Romano also told plaintiff that the county engineer had found quicksand on the sub-

ject property. Despite these issues, the sale went forward.

The purchase agreement was executed by the parties on January 13, 1995.

In 1996, Breezewood bought out Romano's interest as general partner and assumed direct responsibility for developing the subdivision. Shortly thereafter, the Breezewood partners realized that they had a different understanding of plaintiff's equity kicker. According to their understanding, the thirty percent equity kicker was a mechanism for satisfying plaintiff's second mortgage, and was therefore capped at $145,000. The central issue was thus whether plaintiff would receive thirty percent of every lot sold, or whether the thirty percent payments would end once $145,000 had been received.

On July 15, 1997, Breezewood sued plaintiff for a declaratory judgment construing the equity kicker in the Allen County Court of Common Pleas ("Allen County litigation"). Becker defended plaintiff in that action. Ultimately, on cross motions for summary judgment, the Allen County Court upheld Breezewood's construction of the purchase agreement, i.e., that plaintiff was entitled to thirty percent of gross sales only until such payments equaled $145,000. This decision was subsequently affirmed by the Third District Court of Appeals on August 19, 1998. Plaintiff claims that this lawsuit, and the delay encountered in its final determination, adversely affected the sale of the lots.

The following year, having sold only a handful of lots since the project's inception, Breezewood defaulted on its notes. At a sheriff's foreclosure sale, the property failed to generate any bids at the minimum two thirds of appraised value. Finally, after the appraised value was twice lowered to generate more interest, the property sold for less than the amount owing on the bank's primary mortgage. Accordingly, it is undisputed that plaintiff's pecuniary interest in the property was extinguished, and his $145,000 mortgage was worthless.

On December 20, 1999, plaintiff filed this suit against the defendant, as well as a parallel lawsuit against Breezewood.[1]

Plaintiff alleges that Becker negligently handled the Allen County litigation. Plaintiff also alleges that Becker negligently failed to draft the purchase agreement with Breezewood so as to carry out plaintiff's intention, causing plaintiff to sustain a loss in excess of $700,000.

In plaintiff's Fed.R.Civ.P. 26 disclosures, filed October 19, 2000, plaintiff admitted that he had retained no expert witnesses to testify at trial, which was then scheduled for December 12, 2000. At a pretrial conference on November 9, 2000, I granted plaintiff a continuance to allow time to retain an expert on legal malpractice. Accordingly, in January, 2001, plaintiff retained Kenneth I. White, Sr., Esq., as his sole expert.

Mr. White's expert report, which under Rule 26(a)(2)(B) must contain all of Mr. White's opinions, offers the following criticism of Mr. Becker:

> In my opinion, the Purchase Agreement drafted by attorney Becker failed to financially protect Montgomery because the Purchase Agreement was not drafted in a careful and prudent manner such as to clearly and unequivocally provide that the consideration Montgomery was to receive for the sale of the subject

---

1. That action, *Don Montgomery v. Breezewood, Inc.*, No. 3:00CV7190, is also pending before this Court.

property was not just the sum of $160,000, as a down payment, but also the sum of 30% from the gross sale price of all land sales from the subject property, including each and every lot sold in the Breezewood Subdivision, anything in the Purchase Agreement to the contrary notwithstanding.

Doc. 13, Ex. B(1).

Mr. White's report does not criticize Becker's handling of the Allen County litigation. The report also does not discuss whether the negligent drafting of the purchase agreement proximately caused plaintiff any actual injury.

On February 26, 2001, defendant's counsel inquired whether plaintiff would be relying on any other expert besides Mr. White. Plaintiff's counsel stated that they would not be calling additional expert witnesses.

## ANALYSIS

■ To establish a cause of action for legal malpractice based on negligent representation, a plaintiff must show: 1) the attorney owed a duty to the plaintiff; 2) there was a breach of that duty amounting to a failure to conform to the standard of care required by law; and 3) the breach proximately caused the injury or harm. *Vahila v. Hall*, 77 Ohio St.3d 421, 424, 674 N.E.2d 1164 (1997). Failure to submit proof of any one of the elements of a legal malpractice claim entitles a defendant to summary judgment. *Williams–Roseman v. Owen*, 2000 WL 1357864, *4, 2000 Ohio App. LEXIS 4254, *12, Case No. 99AP 871 (Sept. 21, 2000).

■ Ohio courts require expert evidence in a legal malpractice case to establish the attorney's breach of the duty of care. *Bloom v. Dieckmann*, 11 Ohio App.3d 202, 203, 464 N.E.2d 187 (1983). An exception to this rule exists where the

breach is "so obvious that it may be determined by the court as a matter of law, or is within the ordinary knowledge and experience of laymen." *Id.* Expert testimony is not required, for example, where an attorney failed to prepare the case, seek the production of documents, conduct discovery, and notify his client that summary judgment was entered until after expiration of the appeal time. *Kreuzer v. Merritt*, 2000 WL 1643794, **2–3, 2000 Ohio App. LEXIS 5070, *6–7, Case No 99CV3158 (November 3, 2000).

■ As a general rule, however, expert testimony is required to establish the attorney's standard of care in a particular case. *See Forsyth v. Feinstein*, 2000 WL 192298, *5, No. 99–CA–66 (Feb. 18, 2000) (unpublished) (expert testimony required to determine breach of duty for claim that attorney improperly withdrew from representation of client); *Green v. Williams*, 2000 WL 192576, *3, No. 99AP–474 (Sept. 28, 1999) (unpublished) (requiring expert testimony as to whether alleged disclosure of client confidences breached standard of care).

### A. Becker's Handling of the Allen County Litigation

Defendant moves for summary judgment on plaintiff's negligent representation claim regarding Becker's handling of the Allen County litigation, alleging that plaintiff has failed to provide expert witness evidence as to Becker's breach of duty.

Plaintiff's complaint claims that Becker breached his duty of care in the Allen County case by: 1) representing plaintiff though it was apparent that he should have been a witness in the proceeding; 2) failing to notify plaintiff of the potential that he committed malpractice; 3) failing to expedite the Allen County case to avoid its adverse impact on the sale of

the lots; 4) failing to take proper discovery; 5) failing to dispute plaintiffs' factual contentions; and 6) failing to consider the adverse impact on the real estate development from the prolongation of the lawsuit, or to advise plaintiff about these circumstances.

■ Plaintiff's expert, Mr. White, stated that Becker negligently drafted the purchase agreement. This suffices to meet plaintiff's burden as to the defendant's breach of its duty of care with regard to drafting the purchase agreement.

■ Mr. White did not, however, provide any opinion as to Becker's handling of the Allen County litigation. Plaintiff has not provided any expert testimony regarding whether Becker breached the standard of care during his representation of plaintiff in the Allen County litigation. The time for plaintiff to do so has expired. *See* Fed.R.Civ.P. 26(a)(2)(C) (requiring a party to disclose expert witnesses to be used at trial at least 90 days before the trial date).

In a similar negligent representation claim, an Ohio court granted the defendant's motion for summary judgment because the plaintiff did not provide expert testimony as to the appropriate standard of care. In *Murphy v. Hirsch,* 2000 WL 353093, *2, 2000 Ohio App. LEXIS 1515, *6 Case No. L–99–1086, (April 7, 2000) (unpublished), the court held that expert testimony was required to establish breach of duty for a claim that the attorney failed to, among other things: 1) obtain the original photographs taken by opposing party; 2) object to improper remarks during closing arguments; 3) adequately question witnesses; 4) challenge false testimony; and 5) pursue a cross-claim.

Plaintiff's allegations concerning Becker's competency during trial are similar to those in *Murphy,* where expert evidence was required. I find that Becker's alleged

breaches are not "within the ordinary knowledge and experience of laymen", and therefore, supporting expert testimony demonstrating that Becker breached the standard of care during the Allen County litigation is required as a matter of law. *Bloom,* 11 Ohio App.3d at 203, 464 N.E.2d 187.

Plaintiff also argues that Becker's alleged violation of two provisions of the Code of Professional Responsibility, Disciplinary Rule DR5–105 and DR5–102, provide evidence of the breach of standard of care during the Allen County litigation.

■ Violations of the rules of the Code of Professional Responsibility, however, do not constitute malpractice *per se. Northwestern Life Ins. Co. v. Rogers,* 61 Ohio App.3d 506, 512, 573 N.E.2d 159 (1989). Furthermore, alleged violations of the Code of Professional Responsibility do not relieve plaintiff of his obligation to provide expert testimony as to the breach of standard of care. *Id.*

Because plaintiff failed to provide required expert testimony, defendant's motion for summary judgment is granted as to plaintiff's claim for negligent representation during the Allen County litigation. *See Murphy,* 2000 WL 353093, **2–3, 2000 Ohio App. LEXIS 1515 at **6–7 (refusing to extend plaintiff's request for additional time to produce expert witness evidence and granting defendant's motion for summary judgment).

## B. Expert Testimony Not Required For Proximate Causation Element

Plaintiff alleges that Becker's negligent drafting of the purchase agreement led to litigation over the Shawnee Township property which resulted in lost sales of Breezewood lots.

Citing *Porter v. Lima Mem'l Hosp.,* 995 F.2d 629, 632 (6th Cir.1993), defendant

argues that, under Ohio law, plaintiff must provide expert testimony, not only of a breach of the standard of care, but also to show that the breach proximately caused losses.[2] Defendant argues that plaintiff must produce expert testimony establishing "that defendant's negligence, in probability, proximately caused the [injury]" and that "[p]robable is more than 50% of actual." *Id.* (*citing Cooper v. Sisters of Charity of Cincinnati, Inc.,* 27 Ohio St.2d 242, 252, 272 N.E.2d 97 (1971)).

I find, however, that Ohio law does not require expert witness evidence to establish proximate cause in legal malpractice actions. Both the *Porter* and *Cooper* decisions, relied upon by the defendant, involve medical malpractice and negligence actions. These cases do not provide support that expert testimony evidence is required to establish proximate cause in legal malpractice cases.

■ More importantly, although Ohio legal malpractice decisions require expert testimony to establish a breach of duty, expert testimony is not required to establish the issue of proximate cause. *Bloom,* 11 Ohio App.3d at 203, 464 N.E.2d 187 ("expert evidence is required in a legal malpractice case to establish the attorney's *breach of his duty of care*") (emphasis added); *Block v. Billman,* 1996 WL 715476, *2, 1996 Ohio App. LEXIS 5589, * 5, No. 96APE05–664 (Dec. 10, 1996) (expert needed to establish breach of duty and care); *Williams Roseman,* 2000 WL 1357864, *3, 2000 Ohio App. LEXIS 4254 at *10 ("to establish breach of duty in a legal malpractice case, expert testimony is required"); *Anthony v. Clark,* 1992 WL

249821, *5, 1992 Ohio App. LEXIS 5106 * 13, No. 92AP–596 (Sept. 29, 1992) ("a party needs to have available admissible expert testimony that the attorney really did breach a duty of care").

In *Robinson v. Calig & Handleman,* 119 Ohio App.3d 141, 144–45, 694 N.E.2d 557 (1997), plaintiff argued that the Ohio trial court erred by finding that there was no genuine issue of fact as to the element of proximate cause in the legal malpractice action. Plaintiff argued that a material issue of fact regarding proximate cause had been established through expert testimony. The court noted, "to the extent the [trial court opinion] suggests an attorney may not render an expert opinion on the proximate cause issue, we disagree. With appropriate foundation, an expert *may opine* concerning the proximate cause aspect of a legal malpractice case." *Id.* (emphasis added). *See also Anthony,* 1992 WL 249821, **3–4, 1992 Ohio App. LEXIS at **9–12 (discussing whether expert testimony had established a material issue of fact for proximate cause element of legal malpractice claim).

Although the *Robinson* and *Anthony* decisions discuss whether the plaintiff established material issues of fact for proximate cause through expert testimony, neither decision holds that expert testimony is required to establish proximate cause. *See also Party Dock, Inc. v. Nasrallah,* 2000 WL 1473149, *6, 2000 Ohio App. LEXIS 4620, *15, No. 99AP01345 (Oct. 5, 2000) (holding expert witnesses necessary for list of legal issues which did not include element of proximate cause). Furthermore, defendant has not provided any Ohio court decision requiring expert testimony to es-

---

**2.** Defendant also argues that proof of damages requires proof that the original claim would have been successful had Becker not been negligent. I disagree. In *Vahila,* 77 Ohio St.3d at 426, 674 N.E.2d 1164, the Supreme Court of Ohio clarified: "we reject any

finding that the element of causation ... requir[es] that a plaintiff, in order [to] establish damage or loss, prove in every instance that he or she would have been successful in the underlying matter(s) giving rise to the complaint."

tablish the element of proximate cause in legal malpractice cases.

██ Although expert testimony is not required, plaintiff must establish material issues of fact demonstrating that Becker's alleged breach of the standard of care caused plaintiff's injuries. Plaintiff claims that Becker's negligent drafting led to litigation which, in turn, deterred potential buyers of the Shawnee property.

I find that plaintiff has established a genuine issue of material fact as to whether Becker's alleged negligence caused plaintiff's damages. Sam Halker, Michael Gerken, and David Johnson, partners of Breezewood, testified that the continued litigation over the negligently drafted purchase agreement hurt the sale of lots in the subdivision. This testimony establishes a material issue of fact that Becker's alleged breach contributed to plaintiff's alleged losses.

Defendant argues that Halker, Gerken, and Johnson are precluded from testifying, as lay witnesses, regarding the marketability of Breezewood Estates, because this subject is based on specialized knowledge typically attested to by experts. Fed. R.Evid. 701 provides:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences that are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical or other specialized knowledge within the scope of Rule 702.

██ I find that the testimony of Halker, Gerken and Johnson is admissible, because it is based on the partners' personal knowledge and perceptions concerning the impact of the Allen County litigation on the sale of Breezewood lots. This information is not specialized knowledge, and thus the partners do not have to be qualified or disclosed as experts. *See Snawder v. Cohen*, 749 F.Supp. 1473, 1478 (W.D.Ky.1990) (allowing lay witness testimony of plaintiff's mother concerning whether the alleged warning defect was the cause of plaintiff's injury because such testimony was based on personal knowledge); *Jenmar Corp. v. Pattin Mfg. Co.*, 1989 WL 139397, *14, 1989 U.S. Dist. LEXIS 15387 * 37, Case No. C–2–84–878 (S.D.Ohio May 1, 1989) (allowing lay witness testimony describing the condition of bolts in patent infringement case); *Dunbar v. Rose*, 411 F.Supp. 773, 774 (E.D.Tenn.1975) (allowing lay witness testimony that plaintiff appeared confused and disturbed before criminal trial).

Plaintiff has presented a material issue of fact demonstrating that Becker's alleged negligent drafting of the purchase agreement led to litigation which deterred potential buyers of the Breezewood lots. Defendant's motion for summary judgment concerning this claim is, accordingly, denied. *See Anthony*, 1992 WL 249821, *3, 1992 Ohio App. LEXIS 5106 at *9 (summary judgment inappropriate where material issues of fact present as to each element of legal malpractice action).

### CONCLUSION

For the foregoing reasons, it is hereby

ORDERED THAT defendant's motion for summary judgment be, and hereby is, granted in part and denied in part. (Doc. 13).

So ordered.