BLOOM, APPELLEE, *v.* DIECKMANN, APPELLANT.

(No. C-820954—Decided October 26, 1983.)

*Messrs. Bloom & Greene* and *Mr. Michael D. Eagen,* for appellee.

*Messrs. Dugan & James* and *Mr. Richard T. Dugan,* for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Hamilton County.

This timely appeal follows the trial court's granting of appellee's motion for summary judgment on the complaint and counterclaim filed in the action below. The record reveals the following:

In May 1981 appellant, Herbert W. Dieckmann, employed appellee, Milton M. Bloom, to represent him in a divorce action. Appellant terminated appellee's employment in February 1982; he was granted a divorce decree sometime later. On May 10, 1982, appellee filed suit against appellant for the recovery of attorney's fees. Appellant filed an answer and counterclaim alleging legal malpractice. On October 12, 1982, appellee filed a motion for summary judgment accompanied by a supporting affidavit. Appellant filed an opposing memorandum and affidavit. Following a hearing, the trial court granted appellee's motion for summary judgment and dismissed the counterclaim.

The first assignment of error states:

"The trial court erred as a matter of law in granting plaintiff's motion for summary judgment when there were disputed matters between the parties."

On appeal appellant's arguments have been essentially limited to his malpractice claim. Appellee's motion for summary judgment was supported by an affidavit expressing his professional opinion as an attorney that "all legal services rendered by me to the defendant * * * were done so in a diligent, careful and prudent manner and in such a manner which conformed to the highest degree of legal care and professionalism." Appellant did not offer any expert testimony on the issue of appellee's competency either in support of his memorandum in opposition to the motion for summary judgment or at the hearing on the motion. Instead, he presented an opposing affidavit expressing his opinion as a layman which contained general allegations concerning appellee's negligence.[1] Appellee contends that as a result of appellant's failure to present expert opinion there was no issue of fact to be resolved and summary judgment was properly granted.

The question whether expert opinion is necessary to support a claim of legal malpractice is one of first impression in Ohio. The issue, however, has been considered by a number of other jurisdictions. As stated in Annotation (1982), 14 A.L.R. 4th 170, 173:

"* * * [I]t now appears to be the rule that expert evidence is required in a legal malpractice case to establish the attorney's breach of his duty of care except in cases *where the breach or lack thereof is so obvious that it may be determined by the court as a matter of law, or is within the ordinary knowledge and experience of laymen * * *.*" (Emphasis added.)

We find this to be a sound principle and determine that given the nature of appellant's malpractice claims, appellee's alleged negligence was neither within the ordinary knowledge of the layman nor so clear as to constitute negligence as a matter of law. Expert testimony was therefore necessary to support a cause of action for malpractice. In the case *sub judice* appellee produced his own expert opinion on his competency; appellant failed to produce a contrary expert opinion. There was therefore no genuine issue of material

---

[1] For example, the affidavit states that appellee had long telephone conversations with his stockbroker while appellant was in his office and that appellee was not properly prepared for court appearances.

fact to be tried, and summary judgment was properly granted. See *Schmidt* v. *Hinshaw* (1979), 75 Ill. App. 3d 516, 394 N.E. 2d 559. The first assignment of error is overruled.

Appellant's second assignment of error states that the trial court "abused its discretion during oral arguments at the hearing on the appellee's motion for summary judgment." Appellant alleges that at the hearing the trial judge retired to his chambers with appellee and appellant's counsel but that appellant, as a layman, was not permitted to enter. The record before us does not contain a transcript of the hearing and is consequently silent as to appellant's claim. In addition, we cannot find that the alleged exclusion resulted in any prejudice to appellant who was admittedly present and represented by counsel at the hearing. The assignment of error is accordingly overruled and the judgment below affirmed.

*Judgment affirmed.*

PALMER, P.J., SHANNON and DOAN, JJ., concur.