OPINION
Plaintiff-appellant, Linda Little, nka Linda Simmons, appeals a grant of summary judgment in the Clermont County Court of Common Pleas in favor of defendants-appellees, Robert Peeler, Bruce A. McGary, and John Zopff, Attorneys at Law, in this legal malpractice case. We affirm.
Appellant was a passenger in her fiance's car when it was struck by another car driven by Anthony Mineer. Appellant's fiance, Donald Mechler, died in the accident. Mechler was insured by State Farm Fire and Casualty Insurance Company ("State Farm"), Mineer was insured by Standard Guaranty Insurance Company ("Standard Guaranty"), and appellant was insured by Gulf Insurance Company ("Gulf"). Appellant filed suit against Mineer and eventually settled with Standard Guaranty for the policy limit of $12,500.
Appellant's underinsured motorist claim was then arbitrated, and an award of $3,000 was rendered in appellant's favor. Appellant, unsatisfied with the award, retained appellee Robert Peeler ("Peeler") to represent her in a suit against State Farm and Gulf. Prior to trial, appellant settled with State Farm, the primary insurer, for $5,000. Gulf, the excess insurer, then filed for summary judgment due to appellant's failure to exhaust the State Farm policy limits. The trial court granted Gulf's motion.
Appellant subsequently sued appellees for legal malpractice, claiming that Peeler pursued a settlement with State Farm in spite of being warned that Gulf's underinsured motorist coverage was excess to State Farm's, and would not be triggered unless the amount of appellant's claim exhausted the State Farm policy limits. Appellant alleged that Peeler's actions precluded her from further recovery to which she was entitled under the Gulf policy.
Appellees filed a motion for summary judgment, based on the fact that appellant was not going to present expert testimony that Peeler deviated from the professional standard of care in his handling of the settlement with State Farm. The trial court, in granting appellees' motion for summary judgment, concluded that expert testimony was necessary in the case because the standard of care in negotiating and settling an insurance claim is not within the ordinary experience of laymen. Appellant's sole assignment of error on appeal is as follows:
 THE LOWER COURT WAS CLEARLY ERRONEOUS IN ITS FINDING THAT AN EXPERT WAS REQUIRED IN AN ATTORNEY MALPRACTICE CASE AS A MATTER OF LAW.
Summary judgment is properly granted when there is no genuine issue of material fact, the movant is entitled to judgment as a matter of law, and reasonable minds can come to but one conclusion which is adverse to the nonmoving party. Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66. The evidence must be construed most strongly in favor of the nonmovant. Bowen v. KilKare, Inc. (1992), 63 Ohio St.3d 84, 88. Once the moving party has satisfied his initial burden of showing that there is no genuine issue of material fact, the nonmoving party has a reciprocal burden under Civ.R. 56(E) to set forth specific facts showing a genuine issue for trial. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293.
To establish a cause of action for legal malpractice, the plaintiff must show (1) an attorney-client relationship giving rise to a duty, (2) a breach of that duty, and (3) damages proximately caused by the breach. Krahn v. Kinney (1989), 43 Ohio St.3d 103,105 (citations omitted). In an action for legal malpractice, expert testimony is required to establish the professional standard of performance except where the breach of duty to a client is so obvious that it is within the ordinary knowledge and experience of laymen. McInnis v. Hyatt Legal Clinics (1984), 10 Ohio St.3d 112, 113; Bloom v. Dieckmann (1983), 11 Ohio App.3d 202, 203.
In this case, appellees pointed out in their motion for summary judgment that appellant did not have a legal expert who would testify that Peeler deviated from the legal standard of care in negotiating the State Farm settlement. Appellees argued that without expert testimony to support appellant's allegation, and considering Peeler's affidavit that his representation of appellant met generally accepted standards of legal practice, the issue of whether there had been legal malpractice could be decided in appellees favor as a matter of law. Appellant responded to the motion by arguing that expert testimony was not required because the breach of professional duty in this case was within the common understanding of laymen.
In an attorney malpractice action alleging negligence in settlement negotiations, expert testimony is necessary to establish the standard of care in the community. Linhart v. Wincek (Mar. 27, 1986), Cuyahoga App. No. 50397, unreported. To allow such a case to go to the jury without expert testimony would "permit the jury to speculate as to the standard of care and diligence required of defendant." Id. As the trial court stated in this case:
[m]any factors enter in to whether or not settlement is engaged in with an insurer. The nature of the injuries, the likelihood of prevailing at trial and the law surrounding insurance coverage and liability are but a few. The factors to be considered in negotiation and settlement are not commonly within the knowledge and experience of laymen.
Without expert testimony that Peeler's actions in negotiating the State Farm settlement fell below professional standards of performance, appellant failed to come forward with an essential element of her prima facie case for legal malpractice. Therefore, there was no material issue of fact for trial as to whether Peeler breached his duty of legal representation, and the trial court's grant of appellees' motion for summary judgment was proper. See Dresher,75 Ohio St.3d at 293. Appellant's assignment of error is overruled, and the judgment of the trial court in this case is affirmed.
Judgment affirmed.
WALSH, P.J., and YOUNG, J., concur.