OPINION
Plaintiff, Lawrence D. Kreuzer, appeals from a summary judgment entered in favor of Defendant, Tom O. Merritt, on Kreuzer's claim for legal malpractice.
Kreuzer was charged in 1998 with failure to pay child support. On April 15, 1998, Merritt was appointed to serve as Kreuzer's attorney in the resulting legal proceedings. On April 22, 1998, Merritt moved for leave to withdraw from his appointment. The trial court granted the motion on June 10, 1998, but asked Merritt to act as Kreuzer's legal advisor during his trial. Merritt agreed to do that.Kreuzer asked Merritt to research the law, to obtain documents and other evidence, and to subpoena witnesses on his behalf. Merritt declined these requests, for the most part, telling Kreuzer that he was only his advisor and that "trial preparation is up to you." Merritt did agree to serve any subpoenas that Kreuzer prepared and provided him, knowing that Kreuzer was unable to serve them from jail.
Kreuzer proceeded to trial, representing himself.[1] Merritt sat at counsel table with him. Kreuzer was convicted and was sentenced to serve eighteen months in prison, fined $5,000, and ordered to pay almost $22,000 in back support.
Kreuzer commenced this civil proceeding against Merritt on July 26, 1999, alleging legal malpractice. Merritt eventually moved for summary judgment. Merritt's motion was supported by the affidavit of an expert witness, Attorney Michael Krumholtz, who opined that none of the acts or omissions that Kreuzer had alleged breached the duty of care that Merritt owed Kreuzer. Kreuzer presented no expert opinion in opposition. The trial court sustained the motion, holding that expert opinion was required to prove Kreuzer's claim.
Kreuzer filed a timely notice of appeal. He presents four assignments of error.
 FIRST ASSIGNMENT OF ERROR THE COURT ERRED IN DETERMINING APPELLEE'S ONLY DUTIES WERE THOSE DUTIES LIMITED TO THE ROLE OF "LEGAL ADVISOR."
 SECOND ASSIGNMENT OF ERROR THE COURT ERRED IN LIMITING THE COURT'S RULING TO THE PERIOD THAT APPELLEE WAS ASSIGNED TO BE APPELLANT'S "LEGAL ADVISOR."
Summary judgment may not be granted unless the entire record demonstrates that there is no genuine issue of material fact and that the moving party is, on that record, entitled to judgment as a matter of law. Civ.R. 56.
The burden of showing that no genuine issue of material fact exists is on the moving party. Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64. The moving party cannot discharge its burden by makinga conclusory statement that the non-moving party has no evidence to proveits case, but must point to some evidence which, if true, requires ajudgment for the moving party on one or more issues of fact determinativeof the non-moving party's claim for relief or affirmative defense.Dresher v. Burt (1996), 75 Ohio St.3d 280. The non-moving party mustthen preserve the factual dispute concerning that issue by setting forthspecific facts which, if true, keep it in dispute. Id.
Kreuzer points out that Merritt was appointed by the court to act as Kreuzer's "legal advisor" beginning on June 10, 1998, but that prior to that time and since April 15, 1998 he was Kreuzer's attorney. Kreuzer argues that Merritt owed him the duty of care that an attorney owes his client during that time. We agree. However, Kreuzer fails to point out how Merritt breached that particular duty.
Kreuzer argues that Merritt, while he was Kreuzer's "legal advisor," breached his duty to serve Kreuzer in that role in two ways. First, he failed to prepare and serve subpoenas that Kreuzer requested. Second, he failed to respond to Kreuzer's many requests for information and research.
The record demonstrates that Merritt told Kreuzer that he would have any subpoenas that Kreuzer prepared served on the witnesses involved. Kreuzer prepared no subpoenas. Instead, he sent Merritt a list of witnesses to subpoena. Merritt then did nothing. Perhaps Merritt should have reiterated his position on the matter to Kreuzer. However, Kreuzer was on notice of Merritt's limited commitment regarding subpoenas, and he attempted to expand it unilaterally. Kreuzer cannot complain that Merritt thereby breached any duty he owed Kreuzer or any promise he made him.
Kreuzer's claim regarding subpoenas, and his related claims and requests concerning the research and investigation that he asked Merritt to perform, misconstrue Merritt's limited role as a "legal advisor." His role was not that of a law clerk, a professional investigator, or assistant. Merritt's limited role was to respond to Kreuzer's requests for technical information on legal issues during the trial proceeding. He owed Kreuzer no duty beyond that of giving him informative responses. The other acts or omissions of which Kreuzer complains were matters above the standard of conduct required by the limited duty of care that Merritt owed Kreuzer.
The first and second assignments of error are overruled.
 THIRD ASSIGNMENT OF ERROR THE COURT ERRED IN FINDING THAT THERE WAS NO BREACH OF DUTY WITHIN THE ORDINARY KNOWLEDGE AND EXPERIENCE OF LAYMEN AND THAT KREUZER FAILED TO DEMONSTRATE A GENUINE ISSUE OF MATERIAL FACT.
 FOURTH ASSIGNMENT OF ERROR THE COURT ERRED IN FINDING THAT A LAY PERSON WOULD NOT KNOW WHAT THE STANDARD OF CARE AN ATTORNEY IN A COURT-LIMITED ROLE OF "LEGAL ADVISOR" WOULD BE OR HOW IT WOULD DIFFER FROM THE ROLE HE WOULD PLAY AS AN ATTORNEY AND THAT KREUZER FAILED TO DEMONSTRATE A GENUINE ISSUE OF MATERIAL FACT.
These assignments of error concern the trial court's ruling that Kreuzer was required to support his claim against Merritt with expert opinion, and its resulting summary judgment for Merritt because Kreuzer had no expert opinion evidence contradicting that offered by Merritt's expert.
Expert evidence is required to prove an attorney's breach of his duty of care except in cases where the breach is "so obvious that it may be determined by the court as a matter of law, or is within the ordinary knowledge and experience of laymen." Bloom v. Dieckmann (1983),11 Ohio App.3d 202, 203. See also Holley v. Massie (1995),100 Ohio App.3d 760. Expert testimony is not needed for that purposewhen an attorney fails to conduct discovery, fails to prepare the case,fails to seek the production of documents, and fails to notify his clientthat summary judgment was entered against him until after the expirationof the appeal time. See Martin v. Todt (Mar. 8, 1999), Stark App. No.1998CA00259, unreported.
The particular acts and omissions involved in Martin v. Todt, supra,are each initiatives that an attorney who is acting as a legalrepresentative is expected to undertake on his client's behalf. Incontrast, Merritt's role as Kreuzer's legal advisor was a passive role.Whether his alleged failures breached the duty of care he owed Kreuzerare not matters within the ordinary knowledge and experience of laymen.Indeed, expert opinion may be even more necessary to prove that theywere.
Merritt offered qualified, expert opinion demonstrating that the acts and omissions of which Kreuzer complained did not fall below the standard of conduct required to satisfy the duty of care he owed to Kreuzer as hislegal advisor. Kreuzer offered no competent evidence to contradict that defense. No genuine issue of material fact in that regard remained for determination, therefore. Per Civ.R. 56(C), the court was required to enter summary judgment for Merritt on his motion.
The third and fourth assignments of error are overruled.
 Conclusion
Having overruled the assignments of error presented, we will affirm the judgment from which this appeal is taken.
FAIN, J., concurs.
KERNS, J., concurs in judgment only.
Hon. JOSEPH D. KERNS, Retired from the Court of Appeals, Second Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.
[1] Whether Kreuzer had knowingly, intelligently, and voluntarilywaived his right to counsel is not an issue that is before us forreview. Therefore, we must presume that he intended to proceed to trialpro se.