This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Lamont B. Hooks, appeals from the judgment of the Summit County Court of Common Pleas which granted the motion for summary judgment of Appellees, Thomas A. Ciccolini ("Ciccolini") and Germano, Rondy and Ciccolini Co., L.P.A. We affirm.
Appellant filed a complaint against Appellees alleging legal malpractice; however, he voluntarily dismissed this complaint. Thereafter, Appellant re-filed his complaint against Appellees alleging legal malpractice. Appellees moved for summary judgment, which the trial court granted. Appellant timely appeals raising five assignment of error for review. For ease of review, we will address assignments of error one, two, three, and four together as they concern similar issues of law and fact.
 first assignment of error.
The trial court erred by granting summary judgment to * * * Appellees on the basis that Appellant did not file his original complaint within the one year statute of limitations, or that Appellant did not re-file his complaint within one year after voluntarily dismissing the complaint, when Appellant produced unrebutted evidence in the form of copies of certified mail delivery cards, properly authenticated, that the original complaint and re-filed complaint were received by the clerk of court before the filing deadlines but not filed by the clerk until after the deadlines[.] Appellees also waived the affirmative defense of the statute of limitations by failing to raise the defense in their answer to the complaint.
 second assignment of error "The trial court erred by granting summary judgment to * * * Appellees when Appellees failed to submit any evidence to warrant an award of summary judgment which award was contrary to the rule of law in Dresher v. Burt * * * and Vahila v. Hall * * * and when Appellant clearly stated claims for which relief should * * * be granted."
 third assignment of error "The trial court erred by granting summary judgment to * * * Appellees after Appellant submitted substantial, unrebutted evidence that each and every cause of action warranted a trial by jury."
 fourth assignment of error "The trial court erred by granting summary judgment to * * * Appellees based on a finding that Appellant failed to establish that he suffered damages that were proximately caused by Appellees' several breaches of duty."
In these assignments of error, Appellant contends that the trial court improperly granted Appellees' motion for summary judgment. Specifically, Appellant contends that a genuine issue of material fact exists as to the following: (1) the legal malpractice claim; and (2) the alleged statute of limitations violation. Appellant's contentions are not well taken.
Pursuant to Civ.R. 56(C), summary judgment is appropriate when: "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327. To succeed on a summary judgment motion, the movant "bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case." (Emphasis sic.) Dresher v. Burt (1996), 75 Ohio St.3d 280,292. If the movant satisfies this burden, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 293, quoting Civ.R. 56(E). An appellate court reviews a lower court's entry of summary judgment applying the de novo standard, thereby employing the same standard used by the trial court. See Klingshirn v.Westview Concrete Corp. (1996), 113 Ohio App.3d 178, 180.
In order to establish a claim for legal malpractice arising from criminal representation, the plaintiff must prove the following elements: (1) an attorney-client relationship existed which gave rise to a duty; (2) the attorney breached that duty; and (3) the plaintiff suffered damages proximately caused by the breach. Krahn v. Kinney
(1989), 43 Ohio St.3d 103, syllabus. The attorney's duty is to "exercise the knowledge, skill, and ability ordinarily possessed and exercised by members of the legal profession similarly situated, and to be ordinarily and reasonably diligent, careful, and prudent in discharging the duties he has assumed." Palmer v. Westmeyer (1988), 48 Ohio App.3d 296, 298.
Additionally, in an action for legal malpractice, one must set forth expert testimony to establish an attorney's alleged malpractice or breach of duty and care, unless the breach is so obvious that it can be determined by the court or is within the ordinary knowledge and experience of laymen. Bloom v. Dieckmann (1983), 11 Ohio App.3d 202,203. Furthermore, an affidavit from the acting attorney is a legally sufficient basis upon which to grant a motion for summary judgment in a legal malpractice action absent any opposing affidavit of a qualified expert witness for the plaintiff. See Hoffman v. Davidson (1987),31 Ohio St.3d 60, 62 (finding that the treating physician's affidavit was a sufficient basis to grant summary judgment as to medical malpractice claim since plaintiff failed to counter affidavit with an opposing expert's affidavit).
In the case at bar, Appellees argued that the trial court should grant their motion for summary judgment based upon the following reasons: (1) Appellant's counsel did not breach his duty of care; and (2) Appellant cannot establish that he suffered an injury proximately caused by the alleged malpractice. Additionally, Appellees attached Ciccolini's own affidavit stating that (1) he is an attorney licensed to practice in this state; (2) he used the skill, knowledge, care, and diligence possessed by criminal defense attorneys in representing Appellant; (3) he acted with ordinary and reasonable diligence, care, and prudence to enter into plea negotiations; and (4) his representation did not breach the duty of care. In response, Appellant did not attach an expert's affidavit, but rather provided a self-serving affidavit to support his assertion that Ciccolini had breached his duty of care by advising him to plead guilty to burglary and a gun specification, failing to test the cocaine, and failing to timely provide him with his file. Furthermore, Appellant articulated that the injuries that flowed from Ciccolini's breach included an improper conviction and jail sentence.
However, "[a] party's unsupported and self-serving assertions offered to demonstrate issues of fact, standing alone and without corroborating materials contemplated by Civ.R. 56, are simply insufficient [to overcome a properly supported motion for summary judgment]. In other words, when the moving party puts forth evidence tending to show that there are no genuine issues of material fact, the nonmoving party may not avoid summary judgment solely by submitting a self-serving affidavit containing no more than bald contradictions of the evidence offered by the moving party. To conclude otherwise would enable the nonmoving party to avoid summary judgment in every case, crippling the use of Civ.R. 56 as a means to facilitate `the early assessment of the merits of claims, pre-trial dismissal of meritless claims, and defining and narrowing issues for trial.'" (Citations omitted.) Bank One, N.A. v. Burkey (June 14, 2000), 9th Dist. No. 99CA007359, at 10-11 (Slaby, P.J., dissenting in part).
Consequently, we do not find that the alleged malpractice was so obvious as to negate the need for expert testimony. See Bloom,11 Ohio App.3d at 203. As such, Appellant has failed to demonstrate that a genuine issue of material fact exists, which would have entitled him to pursue his legal malpractice cause of action. Therefore, the trial court properly granted Appellees' motion for summary judgment on the basis that Appellant has failed to assert a claim for legal malpractice. Having found that summary judgment was proper, we need not address Appellant's contention that the trial court erroneously granted summary judgment on the basis that Appellant had not filed his complaint within the one-year statute of limitations. Accordingly, Appellant's second, third, and fourth assignments of error are overruled, and his first assignment of error is not addressed as it has been rendered moot. See App.R. 12(A)(1)(c).
 fifth assignment of error "The trial court erred by failing to allow Appellant an opportunity to conduct discovery pursuant to the Ohio Rules of Civil Procedure, Rules 26 through 37, and then finding that Appellant "produced no evidence * * * over the eight month" period that the action was pending after having ignored Appellant's requests and notices to conduct discovery."
In his fifth assignment of error, Appellant avers that the trial court erred by failing to allow him to conduct discovery. We disagree.
The trial court maintains the discretion to manage the discovery process. State ex rel. Daggett v. Gessaman (1973), 34 Ohio St.2d 55, paragraph one of the syllabus. As such, an appellate court will not reverse a trial court's decision regarding the discovery process absent an abuse of discretion. Copeland v. Rosario (Jan. 28, 1998), 9th Dist. No. 18452, at 4. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
In the instant case, Appellant filed a motion in opposition to Appellees' motion for summary judgment. Additionally, Appellant attached a motion to continue summary judgment until discovery is ordered and completed. In his motion to continue summary judgment until discovery is ordered and completed, he stated that "[he] has * * * shown that [Appellees are] not entitled to summary judgment" and "[e]van (sic.) without discovery, [Appellant] believes that he has submitted substantial evidence to warrant a trial in this matter."
It is not an abuse of discretion for the trial court to grant a motion for summary judgment in spite of an outstanding discovery request when the discovery proceedings would not aid in establishing or negating the facts at issue. Penn Traffic Co. v. AIU Ins. Co. (Sept. 10, 2001), 4th Dist. No. 00CA653, citing Glimcher v. Reinhorn (1991), 68 Ohio App.3d 131,138. In his motion, Appellant has failed to demonstrate how the discovery proceedings would aid in establishing or negating facts at issue in this case. Particularly, Appellant "believes that he has submitted substantial evidence" in this case and "has * * * shown that [Appellees are] not entitled to summary judgment." Therefore, we find that the trial court did not abuse its discretion.
Appellant also argues that he filed motions to compel throughout the pendency of his initial appeal and, thus, the trial court should have permitted discovery based upon those motions. However, a dismissal without prejudice relieves the court of jurisdiction over the matter, and the action is treated as though it had never been commenced. See Zimmie v.Zimmie (1984), 11 Ohio St.3d 94, 95; DeVille Photography, Inc. v.Bowers (1959), 169 Ohio St. 267, 272. As Appellant voluntarily dismissed the first complaint, those proceedings cannot be used to support his argument since the voluntary dismissal treats the case as though it had never commenced. Accordingly, Appellant's fifth assignment of error is overruled.
Appellant's second, third, fourth, and fifth assignments of error are overruled, and his first assignment of error is not addressed. The judgment of the Summit County Court of Common Pleas is affirmed.
WHITMORE, J., BATCHELDER, J., CONCUR