[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
{¶ 1} In January 2000, plaintiff, Ronald E. Roselle, retained defendant, Ronald K. Nims, to represent him in a Chapter 7 bankruptcy action. During conversations with defendant prior to the filing of the bankruptcy action, plaintiff informed defendant of the following goals: (1) to protect his personal residence by removing a lien by a judgment creditor; and (2) to exempt his monthly disability payments from creditor attachment. According to plaintiff, defendant informed him that the lien removal could be accomplished by a Chapter 7 bankruptcy and that the monthly disability payments were exempt from creditor attachment.
 {¶ 2} In November 2000, the bankruptcy trustee convened a first meeting of creditors. The trustee's position at that meeting was that the monthly disability payments constituted non-exempt assets subject to the control of the trustee for payment to plaintiff's creditors. Citing defendant's alleged "mistake" as to the exemption issue and the fact that defendant had taken no affirmative steps to remove the creditor's lien from plaintiff's personal residence, plaintiff terminated his attorney-client relationship with defendant in December 2000 and thereafter began representing himself.
 {¶ 3} The bankruptcy trustee ultimately objected to plaintiff's claim of exemption in the monthly disability payments. The bankruptcy court held a hearing on the trustee's objection and thereafter took the matter under advisement. In August 2001, before the bankruptcy court entered a determination on the trustee's objection, plaintiff filed a pro se complaint in the Franklin County Court of Common Pleas alleging that defendant negligently represented him in the bankruptcy proceeding by improperly advising him regarding the exemption issue and in failing to take affirmative steps to remove the creditor's lien from his personal residence.
 {¶ 4} On November 9, 2001, defendant filed a motion for summary judgment alleging that he was entitled to judgment as a matter of law because plaintiff failed to support his allegations of legal malpractice with expert testimony establishing that defendant's conduct fell below the appropriate standard of care required of an attorney representing a client in a bankruptcy proceeding. Defendant maintained that his own affidavit, which was attached to the motion for summary judgment, constituted expert testimony as to his compliance with the appropriate standard of care required of an attorney handling a bankruptcy matter, and that unless plaintiff could provide expert testimony to contradict his affidavit, summary judgment should be granted in his favor. In his attached affidavit, defendant attested that he is an attorney licensed to practice law in the state of Ohio; that the affidavit was based upon his personal knowledge and was true; that he represented plaintiff in the bankruptcy proceeding; that after discussing the case with defendant, plaintiff decided to proceed through bankruptcy court; that he counseled plaintiff and rendered appropriate legal advice regarding plaintiff's credit problems and the effects of bankruptcy; and that his representation of plaintiff did not fall below the standard of care for an attorney engaged in the handling of a bankruptcy matter.
 {¶ 5} Plaintiff filed a memorandum contra in which he argued that defendant's affidavit did not constitute evidentiary support for his assertion that he qualified as an expert in the field of bankruptcy law and, by extension, his conclusion that his representation of plaintiff did not fall below the standard for an attorney handling a bankruptcy matter. Plaintiff attached to his memorandum contra his own affidavit in which he set forth only the facts leading to the filing of his complaint.
 {¶ 6} Defendant filed a reply memorandum in support of his motion for summary judgment, arguing, inter alia, that plaintiff's failure to present expert testimony of legal malpractice compelled the trial court to grant summary judgment in his favor. Plaintiff filed a response to defendant's reply contending that he was not required to counter defendant's affidavit with expert testimony of his own because defendant's affidavit did not provide any evidentiary basis for his assertion that he was qualified to testify as an expert in a legal malpractice case.
 {¶ 7} By decision and entry filed March 18, 2002, the trial court granted defendant's motion for summary judgment. Therein, the trial court stated, in pertinent part:
 {¶ 8} "* * * Plaintiff asserts in his Complaint that Defendant acted negligently in providing advice and counsel regarding the filing of a Chapter 7 bankruptcy. However, in support of his Motion for Summary Judgment, Defendant submits his affidavit, which states, that he gave Plaintiff appropriate legal advice regarding the effects of bankruptcy and Plaintiff's credit problems. Moreover, Defendant maintains his representation and advice did not fall below the standard for an attorney handling such a matter.
 {¶ 9} "In response to Defendant's affidavit, Plaintiff fails to present expert testimony to demonstrate that Defendant's actions failed to conform to the standard of care required by law and that Defendant's actions proximately caused Plaintiff injury or damage. Moreover, a review of Plaintiff's claim reveals that expert testimony as to the applicable standard of care is necessary. The Court is unable to conclude laymen, without the assistance of one or more expert witnesses, may determine Defendant's negligence, if any. The legal issue presented by Plaintiff, whether Defendant negligently advised Plaintiff regarding the Chapter 7 bankruptcy, is not within the ordinary knowledge of laymen."
 {¶ 10} As of the date of the trial court's ruling on the summary judgment motion, the bankruptcy court had not issued a decision on the trustee's objection.
 {¶ 11} Plaintiff appeals the trial court's judgment and advances the following two assignments of error:
 {¶ 12} "[1.] The trial court erred when it determined that there was no genuine issue of material fact with respect to whether the appellee's conduct prior to and during the appellant's bankruptcy case met the standard of care for an attorney handling a bankruptcy matter.
 {¶ 13} "[2.] The trial court erred when it relied on the appellee's affidavit in granting summary judgment in favor of the appellee."
 {¶ 14} As plaintiff's assignments of error are interrelated, we will address them together. Plaintiff asserts that the trial court erred by granting defendant's motion for summary judgment. In reviewing a summary judgment disposition, an appellate court applies the same standard as that applied by the trial court. Maust v. Bank One Columbus, N.A. (1992), 83 Ohio App.3d 103, 107. An appellate court reviews a summary judgment disposition independently and without deference to the trial court's determination. Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 711. In determining whether a trial court properly granted a summary judgment motion, an appellate court must review the standard for granting summary judgment set forth in Civ.R. 56, as well as the applicable law.
 {¶ 15} Civ.R. 56(C) provides, in relevant part, as follows:
 {¶ 16} "* * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there are no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. * * *"
 {¶ 17} Thus, summary judgment may not be granted unless the evidence demonstrates that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. See, e.g., Vahila v. Hall (1977), 77 Ohio St.3d 421, 429-430.
 {¶ 18} Summary judgment may not be granted until the moving party sufficiently demonstrates the absence of a genuine issue of material fact. The moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. Dresher v. Burt (1996),75 Ohio St.3d 280, 292. Once the moving party meets the initial burden, the nonmoving party must then set forth specific facts demonstrating that a genuine issue of material fact does exist that must be preserved for trial, and if the nonmoving party does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party. Id. at 293.
 {¶ 19} As noted previously, plaintiff's complaint alleges that defendant is liable to plaintiff for legal malpractice committed by defendant during his representation of plaintiff in the bankruptcy proceeding. As stated in the syllabus of Vahila, supra:
 {¶ 20} "To establish a cause of action for legal malpractice based on negligent representation, a plaintiff must show (1) that the attorney owed a duty or obligation to the plaintiff, (2) that there was a breach of that duty or obligation and that the attorney failed to conform to the standard required by law, and (3) that there is a causal connection between the conduct complained of and the resulting damage or loss."
 {¶ 21} The first element of a legal malpractice claim is that the attorney owed a duty or obligation to his or her client. It is undisputed that defendant represented plaintiff in the bankruptcy proceeding. Accordingly, defendant owed plaintiff a duty to exercise the knowledge, skill and ability ordinarily possessed and exercised by similarly situated members of the legal profession. Roseman v. Owen (2000), Franklin App. No. 99AP-871, citing Holley v. Massie (1995),100 Ohio App.3d 760, 764.
 {¶ 22} The second element of a legal malpractice claim is that the attorney breached the duty or obligation and failed to conform to the standard of care required by law. Plaintiff contends that defendant breached his duty of care by failing to accurately inform him regarding bankruptcy matters in general, including erroneously advising that his monthly disability payments were exempt from creditor attachment.
 {¶ 23} The third element of a legal malpractice claim is that there is a causal connection between the breach of duty and the resulting damage or loss. Plaintiff contends that defendant's erroneous advice resulted in injury to him because the bankruptcy court ultimately determined that a portion of the monthly disability payments were not exempt from creditor attachment. We reiterate that as of the date of the trial court's decision in the instant matter, the bankruptcy court had yet to rule on the trustee's objection. Accordingly, defendant's argument in this regard is wholly unsupported by the record.
 {¶ 24} The key issue in this case is whether plaintiff has come forward with competent evidence on the applicable standard of care. In his affidavit, defendant testified, inter alia, that he rendered appropriate legal advice to plaintiff regarding his credit problems and the effects of bankruptcy and that his representation of plaintiff did not fall below the standard of care for an attorney engaged in the handling of a bankruptcy matter.
 {¶ 25} Having reviewed the nature of plaintiff's claims, we concur in the trial court's determination that expert testimony as to the applicable standard of care is required in this case. In all but a few cases, expert testimony is required to support allegations of legal malpractice. Bloom v. Dieckmann (1983), 11 Ohio App.3d 202, 203. The exception comes into play only when the breach of duty is within the common understanding of lay persons or is so obvious that it may be determined as a matter of law. Id.
 {¶ 26} In the instant case, we are unable to conclude that defendant's negligence, if any, is capable of being determined by lay persons without the assistance of one or more expert witnesses. The legal issue presented by the plaintiff (whether defendant's advice concerning the exemption status of plaintiff's monthly disability payments in a Chapter 7 bankruptcy proceeding was improper) is not a matter within the ordinary knowledge of lay persons. Thus, plaintiff was required to support his claim of legal malpractice with expert testimony.
 {¶ 27} For purposes of summary judgment, expert witnesses may submit affidavits outlining their opinions which are based upon their personal view of the file, pleadings and evidence submitted. Nwankpa v. Hines (Sept. 17, 1998), Franklin App. No. 98AP-147, citing Tomlinson v. Cincinnati (1983), 4 Ohio St.3d 66. It is undisputed that plaintiff did not submit expert testimony of the kind discussed in Nwankpa. However, plaintiff suggests that the objection submitted by the bankruptcy trustee should have been construed by the trial court as expert testimony regarding defendant's alleged legal malpractice. We do not agree.
 {¶ 28} Initially, we note that plaintiff did not timely raise this issue in the trial court, and, therefore, it is not properly before this court on appeal. Republic Steel Corp. v. Bd. of Revision of Cuyahoga Cty. (1963), 175 Ohio St. 179. Further, while the trustee's objection may constitute evidence to be considered by an expert regarding defendant's alleged legal malpractice, it is not in itself expert testimony regarding malpractice. See, e.g., Nwankpa, supra. Moreover, such a document is not the type to be considered as a proper affidavit of expert testimony regarding legal malpractice. Id. (Federal district court decision and Ohio Supreme Court disciplinary committee opinion not considered as proper affidavits of expert testimony regarding legal malpractice.)
 {¶ 29} We turn next to plaintiff's contention that the trial court improperly relied upon the affidavit of defendant in granting summary judgment in defendant's favor. Specifically, plaintiff argues that defendant's affidavit does not comply with Civ.R. 56(E) because it: (1) failed to set forth defendant's education, training and experience in handling bankruptcy matters; (2) did not identify the applicable standard of care to which he allegedly adhered; and (3) was fraught with legal conclusions.
 {¶ 30} Plaintiff is correct in stating that an affidavit filed in support of or in opposition to summary judgment must comply with Civ.R. 56(E). Pursuant to that rule, the affidavit must demonstrate that the affiant's opinion is based on personal knowledge; that the facts contained in the affidavit are admissible in evidence; and that the affiant is competent to testify as to the matters contained in the affidavit.
 {¶ 31} Upon review of defendant's affidavit, we find that it complies with Civ.R. 56(E). The affidavit specifically makes an averment of personal knowledge, sets forth facts that would be admissible in evidence, and demonstrates that defendant is competent to testify to the matters stated therein. Indeed, defendant attests that he represented plaintiff, that he counseled and advised plaintiff regarding his credit problems and the effects of bankruptcy, and that after such discussions, plaintiff elected to proceed with the bankruptcy filing. As to defendant's competency, defendant testifies that he is an attorney licensed to practice law in the state of Ohio, that he represented plaintiff in the bankruptcy action, and that his conduct did not fall below the standard of care for an attorney engaged in the handling of a bankruptcy matter. Several courts, including this court, have held that a defendant in a legal malpractice action possesses the required skill and knowledge to testify as to whether he or she met the applicable standard of care applicable to the client and that an independent expert is not required to defend a malpractice action. See Bloom, supra; Party Dock, Inc. v. Nasrallah (Oct. 5, 2000), Franklin App. No. 99AP-1345; Perotti v. Beck (Sept. 24, 2001), Mahoning App. No. 00 CA 249; Hooks v. Ciccolini, Summit App. No. 20745, 2002-Ohio-2322. (Affidavit from acting attorney is legally sufficient basis upon which to grant motion for summary judgment in legal malpractice action absent opposing affidavit of qualified expert witness for plaintiff.)
 {¶ 32} Contrary to plaintiff's assertion, defendant was not required by Civ.R. 56(E) to include in his affidavit his education, training, and experience in handling bankruptcy matters and/or his years in the practice of law. The sole case cited by plaintiff for this proposition, Gannett v. Booher (1983), 12 Ohio App.3d 49, is inapposite, as it did not address the issue raised herein. Instead, Gannett was concerned with whether a treating physician's testimony concerning his education, training and experience was sufficient to qualify him as an expert on the issue of a testator's mental condition at the time of execution of a will. Further, there is nothing in any of the cases we have cited to indicate that the attorney-defendants included in their affidavits any information as to their education, training or experience. Indeed, in discussing the affidavits, the courts averred only generally that the attorney-defendants attested that they were licensed to practice law in Ohio and opined that they did not commit legal malpractice.
 {¶ 33} Finally, we do not agree with plaintiff's contention that defendant's affidavit is "fraught" with legal conclusions. The only legal conclusion contained in defendant's affidavit is the conclusion that he complied with the standard of care for an attorney handling a bankruptcy matter. As we have just noted, such conclusion is entirely permissible under Bloom, Party Dock, Perotti and Hooks.
 {¶ 34} In conclusion, an expert opinion was required to rebut defendant's own expert opinion that he did not commit malpractice regarding the advice he rendered as to the exempt status of plaintiff's disability payments. As such, plaintiff was required to support his memorandum contra with an expert opinion stating that defendant's conduct in the bankruptcy matter was not in accordance with the knowledge, skill and ability ordinarily exercised in the legal profession in similar situations. As plaintiff failed to do so, the trial court properly granted summary judgment to defendant. Accordingly, defendant's assignments of error are not well-taken.
 {¶ 35} For the foregoing reasons, both of defendant's assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BRYANT and BROWN, JJ., concur.