[Cite as *Baldwin v. Cusma*, 2014-Ohio-905.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| CHAD R. BALDWIN | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellant | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin |
| | : | |
| -vs- | : | |
| | : | |
| PATRICK L. CUSMA | : | Case No. 2013CA00145 |
| | : | |
| | : | |
| Defendant - Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Stark County Court
                                of Common Pleas, Case No.
                                2011-CV-01944


JUDGMENT:                       Affirmed in Part, Reversed and
                                Remanded in part


DATE OF JUDGMENT:               March 10, 2014


APPEARANCES:

Plaintiff/Appellant                     Defendant/Appellee

CHAD R. BALDWIN                         PATRICK L. CUSMA
P.O. Box 691813                         702 Courtyard Centre
Orlando, FL 32869-1813                  116 Cleveland Ave., N.W.
                                        Canton, OH 44702

*Baldwin, J.*

{¶1}    Plaintiff-appellant Chad Baldwin appeals from the January 23, 2012, February 24, 2012 and October 1, 2012 Orders of the Stark County Court of Common Pleas.

## STATEMENT OF THE FACTS AND CASE

{¶2}    On July 15, 2005, the Stark County Grand Jury indicted appellant on one count of grand theft in violation of R.C. 2913.02. The indictment alleged as a continuous course of conduct from May 1, 2004 through January 14, 2005, appellant purposefully deprived his employer, Midwest Direct, of money in excess of $5,000.00 but less than $100,000.00. Appellant processed credit card charge backs from the business account to his personal credit card. Appellant admitted to the credit card charge backs contending he was owed the monies as wage reimbursements.

{¶3}    A jury trial commenced on January 9, 2006. The jury found appellant guilty as charged. By Judgment Entry filed February 17, 2006, the trial court sentenced appellant to sixteen months in prison, but granted judicial release on April 17, 2006.

{¶4}    On July 9, 2007, this Court affirmed appellant's conviction in *State v. Baldwin,* 5th Dist. Stark App. No. 2006CA00076, 2007-Ohio-3511.

{¶5}    Subsequent to his criminal conviction, appellant filed a lawsuit against his employer in the Federal District Court, Northern District of Ohio, alleging Midwest Direct violated Federal wage laws and claiming monies owed for back wages. The parties subsequently settled the lawsuit.

{¶6}    On November 18, 2008, appellant filed a motion for a new trial with the trial court alleging newly discovered evidence. Specifically, appellant asserted newly

discovered evidence in the settlement of the federal lawsuit relative to his wage claims and inconsistent testimony of prior fellow employees in that lawsuit and his criminal trial. On June 15, 2009, the trial court, via Judgment Entry, denied appellant's motion for a new trial.

{¶7}     Appellant then appealed. Pursuant to an Opinion filed on July 6, 2010 in *State v. Baldwin*, 5th Dist. Stark No. 2009-CA-00186, 2010 -Ohio- 3189, this Court affirmed the judgment of the trial court.

{¶8}     Appellant filed a second motion for new trial alleging newly discovered evidence and misconduct on the part of a witness for the State. The trial court overruled the motion for new trial. This Court, on June 27, 2011, again affirmed the trial court's denial of the motion for new trial in *State v. Baldwin,* 5th Dist. Stark No. 2010-CA-00330, 2011–Ohio–3205.

{¶9}     On June 24, 2011, appellant had filed the legal malpractice case that is the subject of this appeal against appellee, who had represented him. Appellant, in his complaint, alleged that appellee had failed to attach "new evidence/sales records" to appellant's motion for a new trial even though the motion had indicated that they were attached. Appellant further alleged, in part, that appellee then charged appellant to appeal from the denial of such motion and to submit the new evidence as promised, but that appellee failed to do so.   Appellant sought to be compensated for fees paid for the motion for a new trial and fees and costs paid for the subsequent two appeals, among other damages.

{¶10}   On July 20, 2011, appellee filed an answer and counterclaim. Appellee, in his counterclaim, alleged that appellant had knowingly made fraudulent statements in

his complaint, that appellant had acted in bad faith and was a vexatious litigator, and that appellant owed him over $1,000.00 on an account.  Appellant filed an answer to the counterclaim on August 17, 2011.

{¶11}  Subsequently, on September 28, 2011, appellee filed a Motion for Summary Judgment.  On October 11, 2011, the trial court filed an order setting forth dates. The trial court, in the same, ordered that appellant identify his expert witness by December 2, 2011 and appellee by December 24, 2011.

{¶12}  Appellant, on October 28, 2011, filed a "Motion to Deny Defendant's Motion for Summary Judgment, Motion to Dismiss Defendant's Counterclaim and Motion to Summary Judgment."

{¶13}  On November 30, 2011, appellant filed a motion seeking an extension of time within which to identify expert witnesses. Appellee, on November 30, 2011, filed a reply to appellant's memorandum in opposition to appellee's Motion for Summary Judgment and a response to appellant's Motion for Summary Judgment.  In addition, on December 9, 2011, appellee filed a motion opposing appellant's motion for an extension of time within which to identify expert witnesses. Appellee, in such motion, requested that the trial court hold in abeyance ruling on appellant's motion to extend time until appellee knew if appellant as going to comply with discovery by December 8, 2011. Pursuant to a Judgment Entry filed on December 13, 2011, the trial court granted such motion.

{¶14}  On December 23, 2011, appellee identified his expert witnesses.

{¶15} After a hearing on January 6, 2012 at which appellant participated by telephone, the trial court, as memorialized in an Order filed on January 10, 2012, stated that appellant had not retained or identified an expert witness.

{¶16} As memorialized in an Order filed on January 23, 2012, the trial court granted appellee's Motion for Summary Judgment while denying that filed by appellant. The trial court, in its Order, found that appellant's legal malpractice claim against appellee was barred by the one year statute of limitations contained in R.C. 2305.11(A). The trial court noted that appellant had submitted both his own affidavit and that from another attorney stating that appellee had ended his attorney-client relationship with appellant on May 1, 2010 and that appellant had failed to submit his own affidavit to refute such evidence. The trial court further stated, in relevant part, as follows: "Moreover, while the Court does not reach [appellee's] second argument that the sales records, even if they had been attached, would not have lead to a successful motion to a new trial, the Court notes that the issue is not within the common knowledge of the lay person, and expert testimony would be required to establish this point." The trial court noted that appellant had not offered any expert testimony and had failed to name an expert witness within the deadline established by the Court. The trial court noted that it could dismiss appellant's complaint as a discovery sanction for failure to identify or name a witness. Finally, the trial court noted that appellant, to the extent that he was seeking summary judgment with respect to appellee's counterclaims, had not supported his Motion for Summary Judgment with any Civ.R. 56(C) evidence.

{¶17} In response to the trial court's order, appellant filed a Motion for Reconsideration on February 13, 2012, arguing that he did offer evidence in opposition

to appellee's claim that the attorney-client relationship ended on May 1, 2010. Appellee filed a motion in opposition to the same on February 21, 2012. Via an Order filed on February 24, 2012, the trial court vacated its January 23, 2012 Order to the extent that it granted summary judgment to appellee on the basis that appellant's claim was barred by the one year statute of limitations, but  granted appellee's Motion for Summary Judgment . The trial court again found that appellant had no expert witness testimony to support his motion. The trial court also dismissed appellant's claims as a sanction for failing to comply with the court's directives.

{¶18}   Appellant, on March 15, 2012, filed another Motion for Reconsideration, arguing that he had identified an expert witness by December 2, 2011. Attached to such motion were copies of checks dated March 8, 2012 and March 14, 2012 to an attorney that contained the notations that they were retainers. The trial court denied such motion on May 16, 2012. Appellant then filed another Motion for Reconsideration on May 29, 2012.  After the trial court denied such motion and ordered that appellant was not permitted to file additional Motions for Reconsideration of its May 16, 2012 Order, appellant appealed. This Court, pursuant to a Judgment Entry filed on August 30, 2012 in Case No. 2012-CA-00129, dismissed the appeal for lack of a final appealable order.

{¶19}   After his appeal was dismissed, appellant, on September 14, 2012, filed a "Motion to Re-Open Plaintiff's Complaint." Appellant, in his motion, argued that he had identified his expert witness on November 30, 2011. Appellant submitted the affidavit of Attorney Greg Roeby stating that he had been aware of appellant's complaint against appellee since February of 2009 and that he received a retainer for expert witness fees from appellant in March of 2012. Pursuant to an Order filed on October 1, 2012, the trial

court denied such motion. In addition, the trial court found that appellee was entitled to summary judgment on additional grounds. The trial court, in its Order, stated, in relevant part, as follows:

{¶20} "In his motion for summary judgment, Cusma submitted the judgment of the Fifth District Court of Appeals, *State of Ohio v. Chad Baldwin*, 2001-Ohio-3205, wherein the Appellate Court directly addressed Baldwin's claim that had Cusma attached the sales records to the motion for new trial, then the motion would have been successful. The Appellate Court stated 'we find nothing in the documents appellant attached to his motions that would justify a new trial, even if the documents were taken at face value.' Id at ¶28.

{¶21} "This argument in Cusma's summary judgment motion speaks to the application of collateral estoppel or issue preclusion. Cusma has previously raised this affirmative defense in his answer. In order for collateral estoppel to apply, it must be shown that the fact or issue "(1) was actually and directly litigated in the prior action, (2) was passed upon and determined by a court of competent jurisdiction, and (3) when the party against whom collateral estoppel is asserted was a party in privity with a party to the prior action." *New Winchester Gardens, Ltd. v. Franklin County Bd. Of Revision (1997), 80 Ohio St.3d. 36, 41.*

{¶22} "The question of the whether attaching the sales records to the motion for new trial would have lead to a better result was placed directly at issue by Baldwin himself in his second, pro se motion for reconsideration. The issue was litigated and actually decided against Baldwin by a court of competent jurisdiction. As a party who

had a full and fair opportunity to litigate the issue in previous action, Baldwin is bound by the Appellate Court's previous determination.

{¶23} "Accordingly, the Court finds that Baldwin is precluded from claiming that attaching the sales records to the first motion for a new trial would have lead to a better result. As such, Baldwin cannot prove Cusma's failure to attach records proximately caused him damages. Cusma is therefore entitled to summary judgment on this alternative ground."

{¶24} Appellant, on October 19, 2012, filed another Motion to Reopen. Appellant, in such motion, argued that he had a separate malpractice claim of $54.10 and that the "sales records" had no relevance to such claim. Appellant argued that such claim was based on appellee's error in omitting the required Judgment Entry with the docketing statement filed with his first appeal (Case No. 2009CA00015). Appellant noted that his appeal in such case was dismissed as a result and that he incurred $54.10 in damages as a result. Appellant, in a filing with the trial court, had asked for a refund of $54.10 in court costs associated with such appeal.

{¶25} On October 26, 2012, appellant appealed from the trial court's October 1, 2012 Order. Pursuant to a Judgment filed on January 11, 2013 in Case No. 2012CA00197, this Court dismissed appellant's appeal for want of jurisdiction, finding that there was no final appealable order.

{¶26} Thereafter, on February 1, 2013, appellee filed a Motion to Strike both of appellant's Motions to Re-Open. On June 28, 2013, appellee filed a Notice of Dismissal, voluntarily dismissing his claims against appellant without prejudice.

**{¶27}** Appellant now appeals from the trial court's January 23, 2012, February 24, 2012 and October 1, 2012 Orders, raising the following assignments of error on appeal:

{¶28}   I.      THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN DISMISSING APPELLANT'S COMPLAINT FOR FAILURE TO TIMELY IDENTIFY AN EXPERT WITNESS BY THE TRIAL COURT'S DECEMBER 2, 2011 DEADLINE.

{¶29}   II.     THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN DISMISSING APPELLANT'S COMPLAINT AND FINDING FOR SUMMARY JUDGMENT IN APPELLEE'S FAVOR ON THE GROUND THAT THE SALES RECORDS OMITTED BY APPELLEE ARE IRRELEVANT IN OVERTURNING APPELLANT'S GRAND THEFT CONVICTION.

{¶30}   III.    THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN DISMISSING APPELLANT'S COMPLAINT AND FINDING FOR SUMMARY JUDGMENT IN APPELLEE'S FAVOR WHEN APPELLANT HAD A SEPARATE COUNT AND COMPLAINT FOR DAMAGES OF $54.10, WHICH APPELLEE HAD ALREADY ADMITTED GUILT TO AND THIS SEPARATE COMPLAINT FOR $54.10 DID NOT REQUIRE EXPERT WITNESS TESTIMONY.

{¶31}   IV.     THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN FINDING THAT APPELLANT'S COMPLAINT REQUIRED EXPERT WITNESS TESTIMONY.

I, IV

{¶32}   Appellant, in his first assignment of error, argues that the trial court erred in dismissing appellant's complaint for failure to timely identify an expert witness. In his fourth assignment of error, appellant contends that the trial court erred in finding that appellant's complaint required expert witness testimony.

{¶33}   The trial court, in its February 24, 2012 Order, dismissed appellant's complaint pursuant to Civ.R. 41 (B)(1) as a sanction for failure to comply with the trial court's order to identify an expert by December 2, 2011. Civ. R. 41(B) provides:

{¶34}   "Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim."

{¶35}   Our standard of reviewing a trial court's decision to dismiss a complaint for failure to comply with a court order is the abuse of discretion standard. *Jones v. Hartranft* , 78 Ohio St.3d 368, 371, 678 N.E.2d 530 (1997). Thus, our review of the dismissal is limited to determining whether the trial court abused its discretion. *Id.* Abuse of discretion implies a court's attitude is unreasonable, arbitrary, or unconscionable. See, e.g., *Blakemore v. Blakemore* , 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983). In applying the abuse of discretion standard we may not substitute our judgment for that of the trial court. *Pons v. Ohio State Medical Board*, 66 Ohio St.3d 619, 621, 641 N.E.2d 748 (1993).

{¶36}   In *Quonset Hut v. Ford Motor Company*, 80 Ohio St.3d 46, 684 N.E.2d 319 (1997), the Ohio Supreme Court held: "For purposes of Civ. R. 41(B)(1), counsel has notice of an impending dismissal with prejudice for failure to comply with the

discovery order when counsel has been informed that dismissal is a possibility and has had a reasonable opportunity to defend against dismissal." Syllabus by the court.

{¶37} On June 24, 2011, appellant filed his legal malpractice case against appellee. As is stated above, the trial court, on October 11, 2011, filed an order stating that appellant was to identify an expert witness by December 2, 2011. The trial court's order stated that "[f]ailure to comply with any of the above could lead to sanctions including adverse judgment." On November 30, 2011, appellant filed a Motion to Extend Time to Identify Expert Witnesses.  The motion listed prosecutors, judges, disciplinary counsel personnel and attorney Greg Robey (appellant's counsel in his federal case) as possible witnesses.  On December 13, 2011, the trial court granted appellee's motion opposing appellant's request for an extension of time to identify expert witnesses.

{¶38} Subsequently, the trial court granted summary judgment in favor of appellee on January 23, 2012, finding that "the issue is not within the common knowledge of the lay person and expert testimony" was required. The trial court noted that appellant had failed to offer any expert testimony and had failed to timely identify an expert. In its February 24, 2012 Order addressing appellant's Motion for Reconsideration, the trial court also dismissed appellant's complaint pursuant to Civ.R. 41(B)(1) for failing to comply with the court's directives.

{¶39} We cannot say that the trial court abused its discretion in dismissing appellant's complaint on such basis. Appellant was clearly advised by the trial court that failure to identify an expert witness by December 2, 2011 could result in adverse judgment, but did not comply with the trial court's order. We note that appellant did not retain Robey until after summary judgment was rendered in favor of appellee.

{¶40}   We also find that the trial court did not err in holding that expert testimony was required. "Generally, expert testimony would be required in regard to professional standards of performance." *McInnis v. Hyatt Legal Clinics,* 10 Ohio St.3d 112, 113, 461 N.E.2d 1295 (1984). Generally in Ohio, expert testimony is required to establish the duty and breach elements of a legal malpractice claim, unless the alleged breach "is within the ordinary knowledge and experience of laymen." *Bloom v. Dieckmann,* 11 Ohio App.3d 202, 203, 464 N.E.2d 187 (1st Dist.1984).

{¶41}   In his legal malpractice case against appellee, appellant alleged that appellee was negligent in failing to attach "new evidence/sales records" to appellant's motion for a new trial even though the motion indicated that they were attached. Appellant further alleged, in part, that appellee then charged appellant to appeal from the denial of such motion and to submit the new evidence as promised, but that appellee failed to do so.   Appellee, in turn, argued that such records, even had they been attached, would not have resulted in a successful motion for a new trial.

{¶42}   We concur with the trial court that such issue is not within the common knowledge of the lay person and that expert testimony was required.  Appellant, in the trial court's October 11, 2011 Order, was advised that adverse judgment could result if appellant did not comply with the trial court's order. After appellant failed to timely identify an expert witness, the trial court properly found that appellee was entitled to summary judgment on the basis that appellant had no expert witness testimony to support his position that appellee had committed legal malpractice.

{¶43}  Appellant's first and fourth assignments of error are, therefore, overruled to the extent not in conflict with this Court's resolution of appellant's third assignment of error.

II

{¶44}  Appellant, in his second assignment of error, argues that the trial court erred in granting summary judgment in favor of appellee on the basis that the sales records omitted by appellee in filing appellant's motion for new trial were irrelevant in overturning appellant's grand theft conviction.

{¶45}  Contrary to appellant's assertion, the trial court never found that the sales records were irrelevant. Rather, the trial court, in its October 1, 2012 Order, found that such issue had been litigated and decided against appellant by this Court  and that appellant was bound by such determination. The trial court found that appellant was, therefore, precluded from claiming that attaching the sales records to the first motion for a new trial would have led to a better result.

{¶46}  Moreover, we note that the trial court stated alternative grounds for granting summary judgment in favor of appellee. Thus, even if appellant was correct, based on our disposition of appellant's first assignment of error, the trial court did not err in granting summary judgment in favor of appellee.

{¶47}  Appellant's second assignment of error is, therefore, overruled.

III

{¶48}  Appellant, in his third assignment of error, argues that the trial court erred when it dismissed appellant's entire complaint and granted summary judgment in favor

of appellee when appellant had a separate complaint for $54.10 in damages that did not require expert witness testimony.

{¶49}  In the case sub judice, appellant, in his pleadings, alleged that he was entitled to $54.10 in damages from appellee.  Appellant noted that appellee had filed an appeal from his criminal case on January 29, 2009 and that this Court, pursuant to a Judgment Entry filed on March 9, 2009 in Case No. 2009-CA-00015, dismissed the appeal for failure to prosecute after appellee failed to file a fully completed docketing statement. A final appealable order was not attached to the docketing statement. Appellant now argues that the trial court erred in dismissing that portion of his complaint seeking $54.10 in damages from appellee, which represents the damages that appellant incurred, and in granting summary judgment in favor of appellee with respect to the $54.10.

{¶50}  We concur with appellant that such claim does not require expert witness testimony and is independent of the sales records issue. We concur that summary judgment should have been granted in appellant's favor in the amount of $54.10 on this claim because there are no genuine issues of material fact in dispute.

{¶51}  Appellant's third assignment of error is, therefore, sustained.

{¶52}   Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed in part and reversed in part. This matter is remanded to the trial court for further proceedings consistent with this Opinion.

By: Baldwin, J.

Hoffman, P.J. and

Delaney, J. concur.