[Cite as *Simmons v. Rauser & Assoc., L.P.A.*, 2011-Ohio-4510.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96386**

## AARON SIMMONS

PLAINTIFF-APPELLANT

vs.

## RAUSER & ASSOCIATES LPA, ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-721101

**BEFORE:** S. Gallagher, J., Boyle, P.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** September 8, 2011

**ATTORNEY FOR APPELLANT**

Rosel C. Hurley, III
Arnuma Law
12800 Shaker Boulevard
Suite 230
Cleveland, Ohio 44120

**ATTORNEYS FOR APPELLEES**

Jason D. Winter
Marianne K. Barsoum Stockett
Holly M. Wilson
Reminger Co., LPA
1400 Midland Building
101 Prospect Avenue, West
Cleveland, Ohio 44115-1093

SEAN C. GALLAGHER, J.:

{¶ 1} Plaintiff-appellant, Aaron Simmons, appeals the judgment of the Cuyahoga County Court of Common Pleas that granted summary judgment in favor of defendants-appellees Rauser & Associates LPA and Denise Bartlett. For the reasons stated herein, we affirm the judgment of the trial court.

{¶ 2} This is a legal malpractice action that arose from attorney Denise Bartlett's representation of Simmons in connection with a Chapter 7

bankruptcy filing, which was ultimately converted into a Chapter 13 filing. Bartlett is an attorney with the law firm of Rauser & Associates LPA.

{¶ 3} Simmons instituted this action on March 12, 2010. In his amended complaint, Simmons alleged that he retained Bartlett in connection with a Chapter 7 bankruptcy and that he advised her that he had no interest in a five-year Chapter 13 plan. He further alleged that Simmons advised him to file a Chapter 7 bankruptcy despite his income being over twice the allowed income, that she told him to stop paying his bills, and that she advised him to purchase a vehicle in order to defeat the Chapter 7 "means test" in violation of federal bankruptcy laws. Following the filing by the U.S. Trustee of a motion to dismiss for abuse, Simmons's Chapter 7 filing was converted to a Chapter 13 filing in June 2008.

{¶ 4} The defendants filed a motion for summary judgment, arguing that Simmons had failed to produce an expert report to establish that defendants breached the standard of care or proximately caused him damages. The trial court granted the motion, and this appeal followed. Simmons's sole assignment of error is as follows: "The trial court erred when it granted summary judgment in favor of the defendant as a result of the plaintiff failing to provide an expert witness report even though an expert report is not needed because the actions of the defendant amounted to negligence per se."

**{¶ 5}** Appellate review of summary judgment is de novo, governed by the standard set forth in Civ.R. 56. *Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶ 8. Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate. *Hollins v. Shaffer*, 182 Ohio App.3d 282, 2009-Ohio-2136, 912 N.E.2d 637, ¶ 12. Under Civ.R. 56(C), summary judgment is proper when the moving party establishes that "(1) no genuine issue of any material fact remains, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and construing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made." *State ex rel. Duncan v. Mentor City Council*, 105 Ohio St.3d 372, 2005-Ohio-2163, 826 N.E.2d 832, ¶ 9, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 364 N.E.2d 267.

**{¶ 6}** Simmons's complaint alleges that defendants are liable for legal malpractice committed in connection with their representation of him in the Chapter 7 bankruptcy. "To establish a cause of action for legal malpractice based on negligent representation, a plaintiff must show (1) that the attorney owed a duty or obligation to the plaintiff, (2) that there was a breach of that duty or obligation and that the attorney failed to conform to the standard

required by law, and (3) that there is a causal connection between the conduct complained of and the resulting damage or loss." *Vahila v. Hall* (1997), 77 Ohio St.3d 421, 674 N.E.2d 1164, syllabus. The plaintiff's failure to prove any one of these elements entitles the defendant-attorney to summary judgment. *Woodrow v. Heintschel*, Lucas App. No. L–10–1206, 2011-Ohio-1840, ¶ 17; *Williams-Roseman v. Owen* (Sept. 21, 2000), Franklin App. No. 99AP-871.

{¶ 7} Here, it is undisputed that Bartlett represented Simmons in the bankruptcy proceeding. Accordingly, she had a duty to "'exercise the knowledge, skill, and ability ordinarily possessed and exercised by members of the legal profession similarly situated, and to be ordinarily and reasonably diligent, careful, and prudent[.]'" See *Palmer v. Westmeyer* (1988), 48 Ohio App.3d 296, 298, 549 N.E.2d 1202, quoting 67 Ohio Jurisprudence 3d (1986) 16, Malpractice, Section 9.

{¶ 8} Simmons claims that when he retained Bartlett, he informed her that he had no interest in a Chapter 13 plan and that he wanted a Chapter 7 bankruptcy with an elimination of all debts. He further asserts that Bartlett was negligent in her representation by advising him to proceed with a Chapter 7 filing, advising him to stop paying his bills while she proceeded with the elimination of his debts, and advising him to purchase a vehicle, allegedly in order to deceive the Chapter 7 means test. According to the defendants,

although Simmons's income exceeded the amount for a Chapter 7 filing, he could still pass the means test calculation.[1]

{¶ 9} Generally, expert testimony is required to establish the breach of duty, unless the breach is so obvious that it may be determined by the court as a matter of law, or is within the ordinary knowledge of a lay person. *Bloom v. Dieckmann* (1983), 11 Ohio App.3d 202, 464 N.E.2d 187, syllabus; see, also, *McInnis v. Hyatt Legal Clinics* (1984), 10 Ohio St.3d 112, 113, 461 N.E.2d 1295. Initially, we recognize that the requirements for a Chapter 7 bankruptcy and the application of the means test are not matters within the ordinary knowledge of the layman. Furthermore, Simmons's allegations are unsupported by any evidence in the record and he has failed to demonstrate that the alleged advice to purchase a vehicle constituted negligence as a matter of law.[2] Expert testimony was therefore necessary to support a cause of action for malpractice. Additionally, Simmons failed to demonstrate whether the alleged malpractice proximately caused any actual damages. Without any affirmative evidence, we are simply left with an unsuccessful Chapter 7 bankruptcy.

---

[1] 11 U.S.C. § 707(b)(1) establishes the means test to determine whether a presumption of abuse arises in a debtor's bankruptcy case.

[2] The provisions to which he cites, 18 U.S.C. § 152 and 157, do not clearly establish negligence per se.

{¶ 10} Therefore, we find the trial court properly awarded summary judgment in favor of the defendants.

{¶ 11} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
EILEEN A. GALLAGHER, J., CONCUR