[Cite as *Richard C. Alkire Co., L.P.A. v. Alsfelder*, 2017-Ohio-1547.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 104153

---

# RICHARD C. ALKIRE COMPANY, L.P.A., ET AL.

### PLAINTIFFS-COUNTERCLAIM
### DEFENDANTS-APPELLEES

vs.

# ROBERT F. ALSFELDER, JR.

### DEFENDANT-COUNTERCLAIM
### PLAINTIFF-APPELLANT

### JUDGMENT:
### AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CV-13-818648 and CV-15-846900

**BEFORE:** Kilbane, P.J., Blackmon, J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** April 27, 2017

**ATTORNEY FOR APPELLANT**

Robert F. Alsfelder, pro se
3700 Center Street
Cincinnati, Ohio 45227


**ATTORNEYS FOR APPELLEES**

James O'Connor
Reminger Co., L.P.A.
101 Prospect Avenue West, Suite 1400
Cleveland, Ohio 44115

Dan A. Morell
Dan Morell & Associates Co.
200 Spectrum Office Building
6060 Rockside Woods Boulevard, N.
Independence, Ohio 44131

MARY EILEEN KILBANE, P.J.:

{¶1} Defendant and counterclaim plaintiff-appellant Robert Alsfelder, Jr. ("Alsfelder"), appeals from the trial court's decision granting summary judgment in favor of plaintiff and counterclaim defendant-appellee, Richard C. Alkire Company, L.P.A. ("Alkire Firm") and counterclaim defendant-appellee, Richard C. Alkire ("Alkire"). For the reasons set forth below, we affirm.

{¶2} In December 2013, the Alkire Firm filed a complaint against Alsfelder seeking to recover unpaid legal fees. The legal fees were incurred as a result of Alkire representing Alsfelder in a disciplinary matter before the Ohio Supreme Court. In response, Alsfelder filed an answer and counterclaim, a third-party complaint, and a separate lawsuit against Alkire and the Alkire Firm for legal malpractice and respondeat superior liability. The legal malpractice claim pled in Alsfelder's counterclaim, third-party complaint, and separate complaint are identical in substance. The trial court consolidated these two cases and set the following deadlines:

> Discovery cut-off is 08/21/2015. Plaintiff's expert report due 09/04/2015. (Including counterclaim and/or third party plaintiffs) defendant's expert report due 10/16/2015. (Including counterclaim and/or third party defendants) dispositive motion to be filed by 10/30/2015. Response due per Loc.R. 11(I)(1).

{¶3} On September 18, 2015, the Alkire Firm moved for summary judgment. In the motion, the Alkire Firm argued that Alsfelder's legal malpractice claims fail as a matter of law because he failed to submit an expert report in support of his claims.

Alsfelder opposed, arguing that his case does require an expert. The trial court granted the Alkire Firm summary judgment.

{¶4} In its opinion, the trial court acknowledged that expert testimony is not required in legal malpractice cases where the alleged errors are so simple and obvious that it is not necessary to demonstrate a breach of care. However, the court found that the alleged conduct giving rise to Alsfelder's claim of legal malpractice — Alkire's handling of Alsfelder's disciplinary matter before the Ohio Supreme Court — is neither within the ordinary "knowledge of a layman nor so obvious as to constitute negligence as a matter of law." The court further found that Alsfelder's claims fail as a matter of law because he failed to produce an expert report in support of his legal malpractice claim within the court's deadline. As a result, the court dismissed Alsfelder's legal malpractice and respondeat superior claims pled in his counterclaim and third-party complaint and in his separate lawsuit.

{¶5} The Alkire Firm's claim for the collection of unpaid legal fees remained pending, and the matter proceeded to trial in February 2016. Alsfelder failed to appear at trial. After hearing evidence from the Alkire Firm, the trial court granted the Alkire Firm and Alkire judgment in the amount of $17,445.12, plus interests and costs.

{¶6} Alsfelder now appeals, raising the following single assignment of error for review.

### Assignment of Error

The trial court erred in granting summary judgment in favor of [the Alkire Firm and Alkire].

{¶7} Within this assigned error, Alsfelder challenges the trial court's grant of summary judgment dismissing his claim for legal malpractice. He contends that summary judgment was not proper because expert testimony was not required to prove his claim of legal malpractice against Alkire.

{¶8} We review an appeal from summary judgment under a de novo standard of review. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 1996-Ohio-336, 671 N.E.2d 241; *Zemcik v. LaPine Truck Sales & Equip. Co.*, 124 Ohio App.3d 581, 585, 706 N.E.2d 860 (8th Dist.1998). In *Zivich v. Mentor Soccer Club*, 82 Ohio St.3d 367, 369-370, 1998-Ohio-389, 696 N.E.2d 201, the Ohio Supreme Court set forth the appropriate test as follows:

> Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. *Horton v. Harwick Chem. Corp.*, 73 Ohio St.3d 679, 1995-Ohio-286, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 1996-Ohio-107, 662 N.E.2d 264.

{¶9} Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); *Mootispaw v. Eckstein*, 76 Ohio St.3d 383, 385, 1996-Ohio-389, 667 N.E.2d 1197. Doubts must be resolved in favor of

the nonmoving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359, 1992-Ohio-95, 604 N.E.2d 138.

{¶10} In order to survive a motion for summary judgment in a legal malpractice action, the plaintiff must demonstrate that genuine issues of material fact remain with regard to each of the following elements: (1) an attorney-client relationship, (2) professional duty arising from that relationship, (3) breach of that duty, (4) proximate cause, (5) and damages. *Shoemaker v. Gindlesberger*, 118 Ohio St.3d 226, 2008-Ohio-2012, 887 N.E.2d 1167, ¶ 8, citing *Vahila v. Hall*, 77 Ohio St.3d 427, 674 N.E.2d 1164 (1997); *Krahn v. Kinney*, 43 Ohio St.3d 103, 538 N.E.2d 1058 (1989). "If a plaintiff fails to establish a genuine issue of material fact as to any of the elements, the defendant is entitled to summary judgment on a legal malpractice claim." *Id.*

{¶11} Furthermore, expert testimony is required to sustain a claim of legal malpractice unless the conduct complained of is "so obvious that it may be determined by the court as a matter of law, or is within the ordinary knowledge of a lay person." *Simmons v. Rauser & Assocs. L.P.A.*, 8th Dist. Cuyahoga No. 96386, 2011-Ohio-4510, ¶ 9, citing *Bloom v. Dieckmann*, 11 Ohio App.3d 202, 464 N.E.2d 187 (1983), syllabus; *McInnis v. Hyatt Legal Clinics*, 10 Ohio St.3d 112, 461 N.E.2d 1295 (1984). We have stated,

> [i]t is elementary that, except in unusual circumstances, an action in legal malpractice may not be maintained without expert testimony that supports the plaintiff's theory that his attorney failed to exercise the standard of care ordinarily exercised by attorneys in handling the matter in question.

*Rice v. Johnson*, 8th Dist. Cuyahoga No. 63648, 1993 Ohio App. LEXIS 4109, *4-5 (Aug. 26, 1993).

**{¶12}** In the instant case, Alsfelder alleged that Alkire breached the standard of care while representing him in a disciplinary matter before the Ohio Supreme Court. Alsfelder did not allege how Alkire breached the standard of care. In addition, Alsfelder did not allege the breach was either within the ordinary knowledge of a layman or so clear as to constitute negligence as a matter of law.

**{¶13}** The handling of a disciplinary matter before the Ohio Supreme Court is not a matter within the ordinary knowledge of the layman. Therefore, expert testimony was necessary to support his cause of action for malpractice. However, Alsfelder did not produce an expert report. Without any affirmative evidence, Alsfelder could not establish the elements of his legal malpractice claim. Therefore, we find that the trial court properly awarded summary judgment in favor of Alkire and the Alkire Firm.

**{¶14}** The sole assignment of error is overruled.

**{¶15}** Judgment is affirmed.

It is ordered that appellees recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, PRESIDING JUDGE

PATRICIA A. BLACKMON, J., and
ANITA LASTER MAYS, J., CONCUR